**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **FIRST ANNAPOLIS BANCORP, INC.,** <br> **Plaintiff,** <br> **v.** <br> **UNITED STATES OF AMERICA,** <br> **Defendant.** | **Civil Action No. 94-522-C** <br> **(Judge Williams)** |

**PLAINTIFF'S WITNESS LIST**

Plaintiff First Annapolis Bancorp, Inc. ("Bancorp"), by and through counsel, hereby submits this Witness List of witnesses it may call at trial on damages scheduled for March 19, 2007 and the topics upon which the witnesses may testify. In addition to the topics of testimony listed below for each witness, the witnesses may also testify about any topics that were the subject of prior deposition testimony, affidavits or documents presented at trial. They may also testify as a rebuttal or impeachment witness to any testimony by Defendant's witnesses at trial.

1. Douglas A. Parran, Jr.
   2190 Turner Road
   Lusby, MD 20657
   (410)535-2997
   (will call - ½ day)[1]

The topics about which Mr. Parran may testify include: the contract by and between Plaintiff and the Government as alleged in these proceedings; the documents which constitute the contract; the negotiations and representations made by the parties leading up to the formation of the contract; the

[1] The time estimates for each of Plaintiff's witnesses do not include time for cross-examination.

reliance by Bancorp upon the terms of the contract, including, but not limited to, the regulatory forebearances agreed to by the Government; the funds raised by the sale of Bancorp stock, including the sale of 14,165,907 shares at $1.00 per share for a total of $14,165,907; the costs incurred by Bancorp in performance of the contract; the investment by Bancorp in First Annapolis Savings Bank, FSB ("First Annapolis"), including but not limited to, the acquisition of 13,665,907 shares of First Annapolis at $1.00 per share for a total capital contribution of $13,665,907; the business plans and the January 4, 1990 Capital Plan prepared by First Annapolis, including, but not limited to, the implementation thereof; the breach of contract by the Government, including, but not limited to, the effective date thereof and the effect of FIRREA on First Annapolis prior to and afer its enactment by Congress; the compliance by First Annapolis with its capital requirements prior to the breach of contract by the Government, including, but not limited to, the June 30, 1989 benchmark of 1.80%; the performance by First Annapolis if the Government had not breached its contract with Bancorp, including, but not limited to, testimony that but for the actions of the Government regulators, First Annapolis would have been profitable because of the capital infusion by Bancorp; the incorporation and status of Bancorp as a holding company; the 1998 and 1990 examinations of First Annapolis; the response by First Annapolis to the examination reports; and communications with representatives of the Government, including but not limited to, Betsy Brown Faulk, Gregory B. Jones, John Ryan and William B. Crompton.

2. G. Thomas Daughtery, Jr.
   P.O. Box 948
   California, MD 20619
   (301)863-7061
   (will call - 1 hour)

The topic about which Mr. Daughtery will testify is a tax adjustment to any recovery by Bancorp in these proceedings. He will explain that an award of compensatory damages in this case would be taxed as gross income to Bancorp. He will testify about the rate at which Bancorp would have would have to pay taxes on an award of compensatory damages.

3. Edward Heiden, Ph.D.
   1627 K Street, N.W.
   Suite 600
   Washington, D.C. 20006
   (202)463-8171
   (will call - 1 day)

The topic about which Dr. Heiden will testify is the damages sustained by Bancorp as a consequence of the breach of contract by the Government. Dr. Heiden will explain that he has made two calculations of damages. First, he has made a calculation of the minimum amount of damages sustained by Bancorp. He will testify that in reliance upon the contract agreed to by the Government, Bancorp acquired 13,665,907 shares of stock in First Annapolis at $1 per share for a total capital contribution of $13,665,907. He will opine that Bancorp lost its entire investment of $13,665,907 in First Annapolis as a consequence of the breach of contract by the Government. Second, Dr. Heiden has made a calculation of damages based upon the course of the financial performance of First Annapolis had it been allowed to continue to operate without the breach of contract by the Government. He will opine that these damages consist of the aggregate present value of lost net income from 1990 until 1999, in the amount of $85,800,000, adjusted to reflect the $31,900,000 present value of Bancorp's initial capital infusion of $13,700,000 at the time of the conversion, for a total of $53,900,000 ($85,800,000 - $31,900,000 = $53,900,000).

Dr. Heiden may also testify about the manner in which he calculated these damages, the documents he reviewed, his Expert Report dated October 29, 1999, and the charts attached thereto, his Expert Report dated August 3, 1999, the Expert Reports and opinions of the expert witnesses identified by the Government, the matters discussed in his deposition testimony and his background, qualifications and experience as an expert witness.

4. Robert Litan, Ph.D.
Kaufman Foundation
4801 Rockhill Road
Kansas City, MO 64110
(816)932-1179
(will call - 1 day)

The topic about which Dr. Litan will testify is the damages resulting from the loss of regulatory forebearances as a consequence of the breach of contract by the Government. Dr. Litan will opine about his valuation of the goodwill and capital ratio forebearances which were lost as a consequence of the breach of the contract by the Government. He has calculated that the damages sustained from the loss of these two forebearances were $25,800,000 at the time of the conversion in August 1988 and $27,900,000 at the time the contract was breached in August 1989.

Dr. Litan may also testify about the manner in which he calculated these damages, the documents he reviewed, his Expert Report, the charts attached to his Expert Report, the Expert Reports and opinions of the expert witnesses identified by the Government, the matters discussed in his deposition testimony and his background, qualifications and experience as an expert witness.

5. David F. Cook
Philadelphia, PA
(may call - ½ day)

The topics about which Mr. Cook may testify include the policies, practices, and procedures of First Annapolis with respect to loan origination, including, but no limited to, underwriting standards, internal checks and controls and loan reserves; First Annapolis' business plans and its compliance with those plans; First Annapolis' strategies for operation and growth and the success of those strategies; the economic conditions during the relevant time period, including the real estate market and its effect upon First Annapolis; First Annapolis' overall financial conditions and performance, the effect of FIRREA on First Annapolis prior to and afer its enactment by Congress, and those matters discussed in his deposition.

6. Corporate Representative of Defendant
   United States of America
   (may call)

The topics about which the Corporate Representative may testify include the performance by First Annapolis and the compliance by First Annapolis with its capital requirements prior to the breach of contract by the Government, including, but not limited to the June 30, 1989 benchmark of 1.80%.

7. Custodian of Records of Defendant
   United States of America
   (may call)

The topics about which the Custodian of Records may testify include: the authenticity of any document to be used at trial, the production of any document by Defendant and the production of any original document necessary at trial.

8. Any other witness that has been or will be deposed in this case.

9. Any witness necessary to authenticate any document.

10. Any necessary rebuttal or impeachment witness.

11. All witnesses identified in Defendant's Witness List to whom Plaintiff has no objection.

Because the Court has not yet ruled on Plaintiff's Motion for Partial Summary on liability, the issues presented during the trial held before the Court in June 2006 and the issues raised in the Post-Trial briefs filed by the parties, Plaintiff respectfully requests leave of Court to file an amended witness list if it is necessary to do so after the Court issues its ruling.

Respectfully submitted,

Dated: January 16, 2007

COOTER, MANGOLD, TOMPERT
& KARAS, L.L.P.

s/Dale A. Cooter
Dale A. Cooter
James E. Tompert
5301 Wisconsin Avenue, NW
Suite 500
Washington, DC 20015
Tel:(202)537-0700

*Attorneys for Plaintiff*
*First Annapolis Bancorp, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of January 2007, a copy of the foregoing Witness List was filed electronically pursuant to the Electronic Case Filing procedures of the United States Court of Federal Claims, with service by Notice of Electronic Filing to the designated attorneys and parties of record.

s/Dale A. Cooter
Dale A. Cooter