**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FIRST ANNAPOLIS BANCORP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 94-522C** |
| **v.** | ) | **(Judge Williams)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S NEWLY DISCLOSED WITNESS FROM TRIAL, ALTERNATIVE MOTION FOR DISCOVERY, AND REQUEST FOR EXPEDITED CONSIDERATION**

Pursuant to Rules 1 and 7 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court issue an order in limine prohibiting plaintiff, First Annapolis Bancorp, Inc. ("Bancorp"), from calling G. Thomas Daugherty as a witness at trial. We further request expedited briefing and consideration of this motion because, in the event that this Court allows Bancorp to present this newly-identified witness and tax gross up claim at trial, we would need the opportunity to depose Mr. Daugherty, propound other written discovery and document requests, and perhaps retain an expert witness to respond to this claim, prior to the commencement of trial on March 19, 2007.[1] Our motion is based upon the following.

[1] Although the Court's scheduling order contemplates the filing of motions in limine on February 16, 2007, we chose to file this particular motion at this time so as minimize the potential for any further delay of the trial date. Moreover, should the Court permit Bancorp to call Mr. Daugherty to testify at trial, expedited resolution of this motion would provide us with as much time as possible to conduct the necessary discovery and to be able to respond appropriately at trial.

**BACKGROUND**

Fact discovery commenced in this case the summer of 1998 and concluded on August 5, 1999. In accordance with the Court's procedural order governing discovery in the Winstar-related cases, on May 1, 1998, Bancorp filed its initial disclosure of witnesses identifying "current or former employees, agents or representatives . . . likely to have discoverable information relevant to the allegations in the complaint." Ex. A. In its disclosure Bancorp identified 92 of its own potential witnesses who might have information relevant to this case and Bancorp's claims – G. Thomas Daugherty was not among them.

Indeed, at no time during the two years of fact and expert discovery, or the seven years since then, was G. Thomas Daugherty ever disclosed by Bancorp as a potential witness or as someone with information relevant to this case. It was not until the recent meeting of counsel held on December 27, 2006, that Bancorp identified Mr. Daugherty as someone with alleged knowledge of the facts in this case and as a witness that it intended to call at trial. Bancorp's preliminary identification of G. Thomas Daugherty as a trial witness was confirmed last week when Bancorp filed its Appendix A materials on January 16, 2007. According to Bancorp, Mr. Daugherty will testify as follows:

> The topic about which Mr. Daugherty will testify is a tax adjustment to any recovery by Bancorp in these proceedings. He will explain that an award of compensatory damages in this case would be taxed as gross income to Bancorp. He will testify about the rate at which Bancorp would have to pay taxes on an award of compensatory damages.

Bancorp's Witness List dated January 16, 2007, at 3. Ex. B.

In addition to the identification of G. Thomas Daugherty as a fact (and possibly expert) witness, Bancorp's Appendix A filing on January 16, 2007, marked the first time in the more

than twelve years that this case has been pending that Bancorp has pled a claim for tax gross up of any damages award.[2] Accordingly, Mr. Daugherty has never been deposed in this litigation and there has been no discovery of any kind regarding Bancorp's new claim for a tax gross up.

## ARGUMENT

### I. The Legal Standard

The purpose of a motion in limine is "to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters." Inslaw, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996). "Such a motion enables a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial." Id. (citing Baskett v. United States, 2 Cl. Ct. 356, 367-68 (1983)). The Court of Federal Claims has consistently held that a ruling in limine "is a remedy designed to 'increas[e] trial efficiency and promot[e] improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial.'" Weeks Dredging & Contracting, Inc. v. United States, 11 Cl. Ct. 37, 45 (1986) (citing Zenith Radio Corp. v. Matshushita Elec. Indus. Co., 505 F. Supp. 1125, 1140 (E.D. Pa. 1980)); International Graphics Div. of Moore Business Forms, Inc. v. United States, 5 Cl. Ct. 100, 104 (1984); see Inslaw, Inc., 35 Fed. Cl. at 302-03.

---

[2] Bancorp's Appendix A, filed only two months before the start of trial, also identified various damage claims that similarly have never been alleged heretofore in this case. In addition to the new claim for tax gross up, this is the first time in this case that Bancorp has pled a claim for reliance damages. Bancorp's Appendix A at 13-14. It is also the first time that Bancorp has claimed damages in the amount of $14,165,874, approximately $500,000 more than the $13,665,907 previously claimed. Bancorp's Appendix A at 8. As with Bancorp's tax gross up claim, there has been no discovery regarding these other untimely claims. Accordingly, we intend to file additional motions in limine regarding these claims when contemplated by the Court's December 7, 2006 scheduling order.

## II. Bancorp Should Not Be Permitted To Call G. Thomas Daugherty At Trial

This Court should not consider the testimony of G. Thomas Daugherty because Bancorp failed to identify Mr. Daugherty as a potential witness during the discovery period in accordance with the Court's procedural orders for the Winstar-related cases. Moreover, Bancorp has provided no explanation or justification for its failure to comply with the Court's discovery orders.

As indicated above, Bancorp identified 92 possible fact witnesses during the discovery period in 1998, and G. Thomas Daugherty was not one of them. Now, after a delay of almost nine years, Bancorp has identified Mr. Daugherty as one of its only two fact witnesses for trial. Bancorp's eleventh-hour identification of Mr. Daugherty and the tax gross up claim upon which he will allegedly opine are untimely and Bancorp should not be permitted to present this testimony at trial. By delaying its identification of Mr. Daugherty and its tax gross up claim until now, Bancorp has effectively denied us the right to prepare a defense on this issue by failing to abide by the Court's discovery orders.

Aside from the inappropriateness of Bancorp's designation of a previously-undisclosed witness upon the eve of trial, the prejudice flowing from Bancorp's conduct is obvious. Bancorp has not given any reason for its failure to identify Mr. Daugherty prior to now. Bancorp was no doubt aware that, by identifying this new witness and new damages claims two months prior to trial, we would have no opportunity to conduct the fact and expert discovery needed to respond in a meaningful way. To adequately respond to this new fact witness testimony and the new damages claim for tax gross up, we would need to conduct discovery of Mr. Daugherty regarding his proposed testimony and the new damage claim for tax gross up asserted by Bancorp.

Accordingly, because Bancorp failed to comply with the Court's procedural orders regarding discovery, it is appropriate for the Court to prohibit Bancorp from calling Mr. Daugherty as a witness at trial and from presenting this new damages claim. To the extent that G. Thomas Daugherty has any information relevant to this litigation, Bancorp should have disclosed him prior to the eve of trial and we should have had the opportunity to depose him and propound additional written discovery.

## III. Should The Court Find A Compelling Reason To Allow Mr. Daugherty To Testify, The Court Should Order Bancorp To Present Him For Deposition And Comply With Other Requested Discovery

In the Winstar-related cases this Court has acknowledged a party's right to depose newly disclosed trial witnesses pursuant to Appendix A, paragraph 13(b) of this Court's Rules. See Globe Sav. Bank, F.S.B. v. United States, 61 Fed. Cl. 91, 101 (2004). This provision of the Court's Rules provides a clear and undisputable right to depose any witness, prior to trial, who was not previously identified. Paragraph 13(b) of Appendix A provides that at the initial meeting of counsel, the parties will "[e]xchange a final list of . . . witnesses . . . who may be called at trial for case-in-chief or rebuttal purposes, except those to be use exclusively for impeachment." RCFC, Appendix A ¶ 13(b). The Rules further state that: "Any witness whose identity has not been previously disclosed shall be subject to discovery." Id. The Rule ensures that a party receives its right to discovery concerning trial witnesses whose identities are only revealed after normal discovery has been completed. More importantly, from the Court's perspective, allowing depositions prior to trial gives counsel the opportunity to conduct a properly prepared and targeted examination, rather than wasting the Court's time with a deposition during trial.

Mr. Daugherty should not be permitted to testify at trial because he was not disclosed by Bancorp until the eve of trial after all discovery had long ago concluded. However, even if the Court finds a compelling reason not to exclude his testimony, Mr. Daugherty is subject to discovery which includes a deposition by oral examination. Because Bancorp has disrupted the Government's preparation during the critical pre-trial period, we ask that the Court order that Bancorp make Mr. Daugherty immediately available for deposition and that they do so here in Washington, DC. Additionally, we ask that the Court order Bancorp to comply with all written discovery directed to this new testimony and tax gross up claim. We also ask that the Court permit us to identify a tax expert to respond to this newly-identified damages claim at trial. Finally, we ask that the Court expedite the briefing and consideration of this motion given that the final pre-trial conference in this case is less than five weeks away.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion in limine and bar Bancorp from calling G. Thomas Daugherty as a witness at trial. Alternatively, we ask that the Court order that Bancorp immediately make Mr. Daugherty available for deposition, in Washington, D.C., with all costs of such deposition to be borne by Bancorp. Additionally, we respectfully request that the Court order Bancorp to respond to all written discovery regarding the tax gross up claim (e.g., produce all tax returns filed by Bancorp from the date of its incorporation), and permit us to identify an expert on tax issues who can respond to Bancorp's new claim at trial.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

s/Jeanne E. Davidson

JEANNE E. DAVIDSON
Deputy Director

s/Richard B. Evans

RICHARD B. EVANS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-7760
Facsimile: (202) 305-7644

OF COUNSEL:
TIMOTHY ABRAHAM
MELINDA HART
MARK PITTMAN
DELISA M. SANCHEZ
Trial Attorneys

January 25, 2007

Attorneys for Defendant

# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FIRST ANNAPOLIS BANCORP, INC., Plaintiff, and FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Intervenor, v. UNITED STATES OF AMERICA, Defendant. | Civil Action No. 94-522-C<br>Chief Judge Loren A. Smith |

**INITIAL DISCLOSURE**

Pursuant to the terms of the August 11, 1997 Procedural Order No. 2: Discovery Plan ("Procedureal Order No. 2"), section IV.A.1, Plaintiff First Annapolis Bancorp, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby submits its initial disclosure of current or former employees, agents or representatives of a party likely to have discoverable information relevant to the allegations in the Complaint.

General Response

1. As directed in Procedural Order No. 2, Plaintiff's response herein is limited to those employees, agents, or

representatives of the parties likely to have discoverable information relevant to the allegations in the Complaint now known by Plaintiff. The following list is based on Plaintiff's knowledge reasonably obtained to date. Accordingly, Plaintiff reserves the right to supplement or amend this response as additional information becomes known to Plaintiff.

2. As to Defendant's employees, agents or representatives, the following list does not purport to include all such persons with relevant knowledge, but only lists those government employees, agents and representatives with relevant knowledge of whom Plaintiff is presently aware. Accordingly, Plaintiff reserves the right to supplement or amend this response as additional information becomes known to Plaintiff.

3. If the Court grants partial summary judgment on some or all liability-related issues in this matter, some of the persons listed below may not have knowledge relevant to the issues remaining in this case.

4. Plaintiff hereby incorporates by reference those persons named by Defendant in response to the PCC's First Set of Common Discovery Interrogatories, and incorporates by reference those persons identified by the PCC as Common Discovery deponents.

5. It is believed that all persons identified herein may have relevant, discoverable information regarding the allegations of the Complaint at issue herein. We reserve the right to supplement this designation to describe more specifically the subject of relevant information each person may have.

## Specific Disclosure

I. Employees, Agents and Representatives of First Annapolis Bancorp, Inc. With Relevant, Discoverable Information

| **Name** | **Title** |
|---|---|
| Adrienne B. Kane | Construction Loan Servicer |
| Alan W. King | Treasurer |
| Alvin Eisenrauch | Chief Operations Officer |
| Anne Snuggs | Administrative Assistant |
| Arnold G. Alexander | Chairman of the Board |
| Arthur G. Stow | |
| Arthur N. Schwartz | Shareholder |
| Bedford C. Glascock | Shareholder |
| Beth Peters | Shareholder |
| Betsy Behnez | Shareholder |
| Billy P. Cuzzart | Commercial Lender |
| Brenda J. Fields | Human Resources Manager |

| | |
|---|---|
| Brett Carter | Mortgage Lender |
| Catherine B. Downs | Shareholder |
| Christine Kennison | Administrative Assistant |
| Daniel Boone Wayson | Shareholder |
| Daniel J. Fitzgerald | Shareholder |
| David Vorel | Executive Vice President |
| David E. Cook | Chief Executive Officer |
| Dean Sutherland | Loan Servicing Manager |
| Debbie M. Hohlbein | Controller |
| Deborah J. Howard | Shareholder |
| Deloitte Touche (person(s) to be identified) | Outside auditor |
| Dickstein, Shapiro (person(s) to be identified) | Outside counsel |
| ✓ Douglas A. Parran, Jr. | President-Chief Operating Officer |
| E. Patrick Cole | Shareholder |
| Edward O. Wayson | Shareholder |
| Edward J. Cook | Shareholder |
| Elizabeth B. Fitzgerald | Shareholder |
| Elizabeth H. Reynolds | Shareholder |
| Elizabeth M. Meer | Board Executive Committee Member |
| Elizabeth Sunderland | Administrative Assistant |
| Glenda McDarris | Assistant Branch |

| | |
|---|---|
| Gloria Hall | Branch Operations Manager |
| Gordon Shannonhouse | Loan Review Manager |
| Guy Brashears | Regional Branch Manager |
| Gwyneth M. Horrigan | Shareholder |
| Harry C. Blumenthal | Shareholder |
| Hilliard & Bartko, J.V. | Shareholder |
| J. Dean Sunderland | Steering Committee Member |
| J. R. Hammond | |
| Jack Gelrud | Shareholder |
| James B. Greenfield | Shareholder |
| James Hanshaw | Data Processing Director |
| James B. Yates | Shareholder |
| James C. Simpson | Shareholder |
| Jimmy R. Hanshaw | Steering Committee Member |
| Jody Tomlinson | Customer Service Representative |
| John T. Daugherty | Shareholder |
| John P. Collins | Shareholder |
| John Warner | Commercial Loan Officer |
| Joseph H. Gribble | Shareholder |
| Joseph G. Masciarelli | Shareholder |
| Joyce A. Masciarelli | Shareholder |
| Joyce K. Gabrelcik | Shareholder |

| | |
|---|---|
| Joyce Amos | Loan Servicer |
| Julius J. Finnacom | Shareholder |
| Kesley Eichler | Human Resources Assistant Manager |
| Kevin L. Butler | Loan Committee Member |
| Laura Nutile | Administrative Assistant-Delta Financial |
| Lawrence Dolle | Security Officer |
| Leo H. Nuedling | Director Internal Audit |
| LeRoy E. Hoffberger | Shareholder |
| Lynda J. Parks | Data Processing Assistant Director |
| Maxine Cook | Shareholder |
| Nancy Bass | Marketing Assistant |
| Nora E. Schleicher | Assistant Treasurer |
| Norma Session | Customer Service Representative |
| Paul J. Jones | Shareholder |
| Peggy Weems | Administrative Assistant |
| Peter F. Horrigan | Shareholder |
| R. Libson | |
| Robert F. Gabrelcik | Shareholder |
| Roger L. Howard | Shareholder |
| Sandra D. Palmer | Branch Operations Manager |
| Santiago Acosta | Construction Lender |
| Sara M. Ostrusky | Operations |

| | |
|---|---|
| Stephen E. Marohl | Mortgage Lender |
| Steven J. Masciarelli | Shareholder |
| Sue Gelrud | Shareholder |
| Susan Gustafson | Marketing Manager |
| Thomas D. Elgen | Customer Service Representative |
| Thomas E. Marcos | Shareholder |
| Thomas M. Mateya | President-Delta Financial |
| Thomas O. Tilghman, Jr. | Shareholder |
| Thomas J. Norris | Chief Executive Officer |
| Thomas Ruark | Real Estate Owned Representative |
| Thomas M. Downs | Shareholder |
| W. Robert Haley, Jr. | Managing Agent |
| Walter Fennington | Security Officer |
| William L. Collins | Shareholder |
| William W. Davis | Commercial Loan Officer |

II. Employees, Agents and Representatives of Government Agencies With Relevant, Discoverable Information

**OFFICE OF THRIFT SUPERVISION**

| **Name** | **Title** |
|---|---|
| Alvin W. Smuzynski | Deputy Director, Supervision Operations |
| Catherine Shepard | |
| Deborah K. Stokes | |
| Debra A. Buie | |
| Evelyne Bonhomme | |
| Gregory S. Kudrick | Senior Supervisory Examiner |
| Gregory B. Jones | Supervisory Examiner |
| H. Weinstein | |
| James Knack | |
| Jim Caton | Deputy Director - Financial Analysis, |
| Joanne Yancy Hitchcock | |
| John D. Gilbert | |
| John E. Ryan | District Director |
| Jonathan L. Fiechter | Senior Deputy Director for Supervision |
| Lawan R. Young | |
| Leslie E. Hoover | Supervisory Analyst |
| Michal B. Edwards | |
| Richard Jones | Regulatory Counsel |
| Ronald A. Brown | |

| | |
|---|---|
| Ruth F. Johnson | Associate District Director |
| Ruth V. Meacham | |
| Supervision policy | |
| Vicki L. Hawkins | Conservators & Receivers Division/Legal |
| Walter B. Mason, Jr. | Deputy District Director |
| William B. Crompton, III | Field Manager |
| William I. Jones | |

**FEDERAL DEPOSIT INSURANCE CORPORATION**

| | |
|---|---|
| Dan Dionne | Assistant Regional Director, New York District |

**FEDERAL HOME LOAN BANK BOARD**

| | |
|---|---|
| Betsy Brown | S.A. |
| Gregory B. Jones | |
| Julie L. Williams | Deputy General Counsel |
| Linda Plye | |
| Robert Cline | |
| Rolf Coburn | S.A. |

Respectfully submitted,

May 1, 1998

COOTER, MANGOLD, TOMPERT
& WAYSON, P.L.L.C.

Dale A. Cooter
by Elizabeth McFarland
Dale A. Cooter
5301 Wisconsin Avenue, NW
Suite 500
Washington, DC 20015
Tel: (202)537-0700
FAX: (202)364-3664

Attorney for Plaintiff
First Annapolis Bancorp, Inc.

Of Counsel:

Donna S. Mangold
Elizabeth A. McFarland
COOTER, MANGOLD, TOMPERT
& WAYSON, P.L.L.C.
5301 Wisconsin Avenue, NW
Suite 500
Washington, DC 20015
Tel: (202)537-0700
FAX: (202)364-3664

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 1998, a copy of the foregoing Initial Disclosure and an electronic copy of the same was hand-delivered to:

Elizabeth Wells Newsom
U.S. Department of Justice
Civil Division -- Commercial
Litigation Branch
1100 L Street, NW
8th Floor
Washington, DC 20530

**Attorney for Defendant United States**

And the same was served by first class mail, postage prepaid, as follows:

John Wright Carlisle
Senior Attorney
FDIC Legal Division
Receivership Goodwill Section
1910 Pacific Place
Dallas, TX 75201

**Attorney for Plaintiff-Intervenor FDIC**

Elizabeth McFarland

Elizabeth A. McFarland

**EXHIBIT B**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FIRST ANNAPOLIS BANCORP, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 94-522-C** |
| | ) | **(Judge Williams)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**<u>PLAINTIFF'S WITNESS LIST</u>**

Plaintiff First Annapolis Bancorp, Inc. ("Bancorp"), by and through counsel, hereby submits this Witness List of witnesses it may call at trial on damages scheduled for March 19, 2007 and the topics upon which the witnesses may testify. In addition to the topics of testimony listed below for each witness, the witnesses may also testify about any topics that were the subject of prior deposition testimony, affidavits or documents presented at trial. They may also testify as a rebuttal or impeachment witness to any testimony by Defendant's witnesses at trial.

1. Douglas A. Parran, Jr.
   2190 Turner Road
   Lusby, MD 20657
   (410)535-2997
   (will call - ½ day)[1]

The topics about which Mr. Parran may testify include: the contract by and between Plaintiff and the Government as alleged in these proceedings; the documents which constitute the contract; the negotiations and representations made by the parties leading up to the formation of the contract; the

[1] The time estimates for each of Plaintiff's witnesses do not include time for cross-examination.

reliance by Bancorp upon the terms of the contract, including, but not limited to, the regulatory forebearances agreed to by the Government; the funds raised by the sale of Bancorp stock, including the sale of 14,165,907 shares at $1.00 per share for a total of $14,165,907; the costs incurred by Bancorp in performance of the contract; the investment by Bancorp in First Annapolis Savings Bank, FSB ("First Annapolis"), including but not limited to, the acquisition of 13,665,907 shares of First Annapolis at $1.00 per share for a total capital contribution of $13,665,907; the business plans and the January 4, 1990 Capital Plan prepared by First Annapolis, including, but not limited to, the implementation thereof; the breach of contract by the Government, including, but not limited to, the effective date thereof and the effect of FIRREA on First Annapolis prior to and afer its enactment by Congress; the compliance by First Annapolis with its capital requirements prior to the breach of contract by the Government, including, but not limited to, the June 30, 1989 benchmark of 1.80%; the performance by First Annapolis if the Government had not breached its contract with Bancorp, including, but not limited to, testimony that but for the actions of the Government regulators, First Annapolis would have been profitable because of the capital infusion by Bancorp; the incorporation and status of Bancorp as a holding company; the 1998 and 1990 examinations of First Annapolis; the response by First Annapolis to the examination reports; and communications with representatives of the Government, including but not limited to, Betsy Brown Faulk, Gregory B. Jones, John Ryan and William B. Crompton.

2. G. Thomas Daughtery, Jr.
   P.O. Box 948
   California, MD 20619
   (301)863-7061
   (will call - 1 hour)

The topic about which Mr. Daughtery will testify is a tax adjustment to any recovery by Bancorp in these proceedings. He will explain that an award of compensatory damages in this case would be taxed as gross income to Bancorp. He will testify about the rate at which Bancorp would have would have to pay taxes on an award of compensatory damages.

3. Edward Heiden, Ph.D.
   1627 K Street, N.W.
   Suite 600
   Washington, D.C. 20006
   (202)463-8171
   (will call - 1 day)

The topic about which Dr. Heiden will testify is the damages sustained by Bancorp as a consequence of the breach of contract by the Government. Dr. Heiden will explain that he has made two calculations of damages. First, he has made a calculation of the minimum amount of damages sustained by Bancorp. He will testify that in reliance upon the contract agreed to by the Government, Bancorp acquired 13,665,907 shares of stock in First Annapolis at $1 per share for a total capital contribution of $13,665,907. He will opine that Bancorp lost its entire investment of $13,665,907 in First Annapolis as a consequence of the breach of contract by the Government. Second, Dr. Heiden has made a calculation of damages based upon the course of the financial performance of First Annapolis had it been allowed to continue to operate without the breach of contract by the Government. He will opine that these damages consist of the aggregate present value of lost net income from 1990 until 1999, in the amount of $85,800,000, adjusted to reflect the $31,900,000 present value of Bancorp's initial capital infusion of $13,700,000 at the time of the conversion, for a total of $53,900,000 ($85,800,000 - $31,900,000 = $53,900,000).

Dr. Heiden may also testify about the manner in which he calculated these damages, the documents he reviewed, his Expert Report dated October 29, 1999, and the charts attached thereto, his Expert Report dated August 3, 1999, the Expert Reports and opinions of the expert witnesses identified by the Government, the matters discussed in his deposition testimony and his background, qualifications and experience as an expert witness.

4. Robert Litan, Ph.D.
Kaufman Foundation
4801 Rockhill Road
Kansas City, MO 64110
(816)932-1179
(will call - 1 day)

The topic about which Dr. Litan will testify is the damages resulting from the loss of regulatory forebearances as a consequence of the breach of contract by the Government. Dr. Litan will opine about his valuation of the goodwill and capital ratio forebearances which were lost as a consequence of the breach of the contract by the Government. He has calculated that the damages sustained from the loss of these two forebearances were $25,800,000 at the time of the conversion in August 1988 and $27,900,000 at the time the contract was breached in August 1989.

Dr. Litan may also testify about the manner in which he calculated these damages, the documents he reviewed, his Expert Report, the charts attached to his Expert Report, the Expert Reports and opinions of the expert witnesses identified by the Government, the matters discussed in his deposition testimony and his background, qualifications and experience as an expert witness.

5. David F. Cook
Philadelphia, PA
(may call - ½ day)

Case 1:94-cv-00522-MCW Document 305 Filed 01/25/2007 Page 5 of 8

The topics about which Mr. Cook may testify include the policies, practices, and procedures of First Annapolis with respect to loan origination, including, but no limited to, underwriting standards, internal checks and controls and loan reserves; First Annapolis' business plans and its compliance with those plans; First Annapolis' strategies for operation and growth and the success of those strategies; the economic conditions during the relevant time period, including the real estate market and its effect upon First Annapolis; First Annapolis' overall financial conditions and performance, the effect of FIRREA on First Annapolis prior to and afer its enactment by Congress, and those matters discussed in his deposition.

6. Corporate Representative of Defendant
   United States of America
   (may call)

The topics about which the Corporate Representative may testify include the performance by First Annapolis and the compliance by First Annapolis with its capital requirements prior to the breach of contract by the Government, including, but not limited to the June 30, 1989 benchmark of 1.80%.

7. Custodian of Records of Defendant
   United States of America
   (may call)

The topics about which the Custodian of Records may testify include: the authenticity of any document to be used at trial, the production of any document by Defendant and the production of any original document necessary at trial.

8. Any other witness that has been or will be deposed in this case.

9. Any witness necessary to authenticate any document.

10. Any necessary rebuttal or impeachment witness.

11. All witnesses identified in Defendant's Witness List to whom Plaintiff has no objection.

Because the Court has not yet ruled on Plaintiff's Motion for Partial Summary on liability, the issues presented during the trial held before the Court in June 2006 and the issues raised in the Post-Trial briefs filed by the parties, Plaintiff respectfully requests leave of Court to file an amended witness list if it is necessary to do so after the Court issues its ruling.

Respectfully submitted,

Dated: January 16, 2007

COOTER, MANGOLD, TOMPERT
& KARAS, L.L.P.

s/Dale A. Cooter
Dale A. Cooter
James E. Tompert
5301 Wisconsin Avenue, NW
Suite 500
Washington, DC 20015
Tel:(202)537-0700

*Attorneys for Plaintiff*
*First Annapolis Bancorp, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of January 2007, a copy of the foregoing Witness List was filed electronically pursuant to the Electronic Case Filing procedures of the United States Court of Federal Claims, with service by Notice of Electronic Filing to the designated attorneys and parties of record.

s/Dale A. Cooter
Dale A. Cooter

CERTIFICATE OF FILING

I hereby certify that on January 25, 2007, a copy of the foregoing "DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S NEWLY DISCLOSED WITNESS FROM TRIAL, ALTERNATIVE MOTION FOR DISCOVERY, AND REQUEST FOR EXPEDITED CONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard B. Evans