**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FIRST ANNAPOLIS BANCORP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 94-522C** |
| **v.** | ) | **(Judge Williams)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S NEWLY DISCLOSED WITNESS FROM TRIAL, ALTERNATIVE MOTION FOR DISCOVERY, AND REQUEST FOR EXPEDITED CONSIDERATION**

Pursuant to Rules 1 and 7 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in support of its motion to exclude G. Thomas Daugherty as a witness at trial because plaintiff, First Annapolis Bancorp, Inc. ("Bancorp"), failed to timely identify either Mr. Daugherty or its tax gross up claim.

## ARGUMENT

### I. The Court Should Exclude Both The Testimony Of G. Thomas Daugherty And Bancorp's Tax Gross Up Claim

Bancorp's identification of G. Thomas Daugherty and its tax gross up claim upon the eve of trial is untimely and unfairly prejudicial to the Government and therefore, both should be excluded. Bancorp responds to our motion in limine by claiming that it did not violate Procedural Order No. 2 by failing to identify Mr. Daugherty until the eve of trial (Pl. Br. at 6-7), and that, even if it did, it should not be held to comply with the Court's procedural orders due to our alleged non-compliance. Additionally, Bancorp attempts to minimize the issue by claiming that we should be prohibited from insisting on "technical compliance with the disclosure requirements for a witness in Procedural Order No. 2." Pl. Br. at 7. However, our motion is

based upon far more than requesting technical compliance for the identification of a witness. Indeed, Bancorp's identification of G. Thomas Daugherty was just a harbinger of its eleventh-hour identification of a completely new damages claim – its claim for a tax gross up. Indeed, Bancorp had not even quantified this claim until the filing of its response brief on February 1, 2007, when it asserted a claim for "at least $5,470,000 in additional damages." Id. at 2.

Bancorp cites no case law, court rule, or any other authority to support its claim that it should be entitled to identify not only a new witness, but an entire new damages claim upon the eve of trial. Bancorp merely claims that its identification of a new claim and a new witness are not untimely because it "was not aware that it was entitled to a tax gross-up" at the time of its initial disclosures. Pl. Br. at 6. Bancorp further claims that the decision in Home Savings of America, FSB v. United States, 399 F.3d 1341, 1356 (Fed. Cir. 2005), issued on March 7, 2005, is what entitles it to bring this new tax gross up claim. Pl. Br. at 2-4. However, Bancorp fails to explain why it did not identify this claim or identify Mr. Daugherty as a potential witness regarding this claim until more than 21 months later on December 27, 2006. Because Bancorp has failed to offer any justification for a delay of almost two years, this new claim and witness should be precluded.

In its April 2, 1999 answers to our first set of interrogatories, specifically numbers 65 and 66, Bancorp failed to identify any individuals with knowledge of its damages and stated that it had not completed its investigation, but that it reserved the "right to seasonably supplement [its] response." Ex. A. Pursuant to the RCFC: "A party who has . . . responded to a request for discovery with a . . . response is under a duty to supplement or correct the . . . response to include information thereafter acquired." RCFC 26(e). Bancorp did not meet its duty to

supplement its interrogatory responses in a timely manner as required by this Court's Rules. Pursuant to the RCFC: "A party that without substantial justification fails to disclose information required by RCFC 26(a) or 26(e)(1), or to amend a prior response to discovery as required by RCFC 26(e)(2) is not, unless such failure is harmless, permitted to use as evidence at trial." RCFC 37(c)(1). Accordingly, on this basis alone, Mr. Daugherty should not be permitted to testify.

In this instance, Bancorp's failure to disclose its new damages claim and witness is not harmless. Indeed, we are clearly prejudiced because now, only a month and a half before trial, we would have to prepare to defend a new damages claim by conducting discovery, analyzing Bancorp's claim, and identifying and retaining an expert to rebut this new claim. Moreover, because of Bancorp's untimely disclosure, we would be forced to prepare this defense while undergoing all of the other normal pre-trial preparations related to Bancorp's other damage claims. Bancorp's response that there is no unfair prejudice because we have "ample time to designate a witness and to prepare for trial on this issue" simply is not true. Pl. Br. at 8. In fact, we have been forced to seek an expedited ruling on our motion because it may impact the filing of our contentions of fact and law as well as our exhibit and witness lists.

Bancorp has also mischaracterized its tax gross up claim as "very simple." Id. Bancorp goes so far as to claim that the Court may just take judicial notice of the effective tax rate, and that there is "no need for any complicated analysis or testimony." Id. Bancorp is sorely mistaken. Indeed, Bancorp must prove much more than its effective tax rate, it must also demonstrate that such an award would be subject to taxation in the first instance, and that a gross up is warranted on any damages that might be awarded. See, e.g., Bank of America, F.S.B. v.

United States, 67 Fed. Cl. 577, 596-97 (2005) (relying upon Home Savings and holding that plaintiff Bank of America failed to prove with reasonable certainty whether the damage award would be taxable at all, having presented only testimony respecting the tax rate).

Accordingly, should the Court permit Bancorp to call Mr. Daugherty at trial and advance its new damages claim for a tax gross up, we will require additional time to designate a new witness and additional trial exhibits in defense of this claim.[1] Because Bancorp's unjustified delay will prejudice our defense of this case, Bancorp should not be allowed to call G. Thomas Daugherty as a witness at trial or to present evidence concerning its newly minted tax gross up claim. Moreover, we would need relief from the Court's Procedural Order No. 2, which requires that all experts produce written reports and prohibits a party from calling an expert witness at trial who has not reduced his opinions to a written report. See Procedural Order No. 2 , part V, ¶ A.2. The time for expert discovery has long since passed. Should the Court decide to permit Bancorp to bring this late damages claim, then it should prohibit Bancorp from demanding compliance with the Court's order requiring production of a written report and the deposition of any expert that we might retain to respond to this claim.

## II. In The Alternative, The Court Should Order Bancorp To Comply With Expedited Discovery And Relieve Us Of The Procedural Requirements In Responding To Bancorp's New Tax Gross Up Claim

If the Court denies our motion to exclude Mr. Daugherty and Bancorp's tax gross up claim, then we are entitled to discovery on this new claim which includes, but is not limited to,

[1] Despite Bancorp's characterization that we have already had ample time to designate a new witness to defend the tax gross up claim, its not as simple as Bancorp suggests. Besides the necessity of interviewing and selecting an expert witness on the eve of trial who is available to testify next month, a separate administrative process is also required to allocate and approve funding for our expert once selected.

an oral deposition of Mr. Daugherty. Bancorp states that "it would have consented to a deposition of Daugherty" (Pl. Br. at 5); however, Bancorp's consent is not necessary because we have an absolute right to depose newly disclosed trial witnesses pursuant to Appendix A, paragraph 13(b) of the RCFC. See also Globe Sav. Bank, F.S.B. v. United States, 61 Fed. Cl. 91, 101 (2004). Second, because Bancorp has disrupted our preparation for trial during the critical pre-trial period, we ask that the Court order Bancorp to make Mr. Daugherty immediately available for deposition at our office in Washington, DC, with all costs of such deposition to be borne by Bancorp.

Additionally, because Bancorp has introduced an entirely new claim for tax gross up, upon which the we have yet to take any discovery whatsoever, we are entitled to further expedited written discovery as well as an opportunity to amend our contentions of fact and law, and witness and exhibit lists, if necessary once discovery is complete. Further, Bancorp does not object to our designation of an expert witness on the issue of tax gross-up. Pl. Br. at 5. Therefore, should the Court deny our motion in limine, we respectfully request the ability to designate an expert witness to respond to this new claim and relief from the Court's procedural orders requiring a written expert report.

For the sake of our pre-trial preparation, we respectfully request that the Court resolve this matter during the February 7, 2007 status conference given that our Appendix A materials are presently due on February 9, 2007.[2]

[2] We also request a determination upon our motion in limine regarding Dr. Robert Litan, as this will also aid both parties in their pre-trial preparation.

**CONCLUSION**

For the foregoing reasons, we respectfully request that the Court grant our motion in limine barring Bancorp from calling G. Thomas Daugherty as a witness at trial. Alternatively, we ask that the Court order the discovery requested and permit us to identify an expert on tax issues who can respond to Bancorp's new claim at trial.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

s/Jeanne E. Davidson

JEANNE E. DAVIDSON
Acting Director

s/Richard B. Evans

RICHARD B. EVANS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-7760
Facsimile: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:
TIMOTHY ABRAHAM
MELINDA HART
MARK PITTMAN
DELISA M. SANCHEZ
Trial Attorneys

February 5, 2007

CERTIFICATE OF FILING

I hereby certify that on February 5, 2007, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S NEWLY DISCLOSED WITNESS FROM TRIAL, ALTERNATIVE MOTION FOR DISCOVERY, AND REQUEST FOR EXPEDITED CONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard B. Evans