# In the United States Court of Federal Claims

**No. 94-522C**
**(Filed February 6, 2007)**

* * * * * * * * * * * * * * * * * * * * * * * *

**FIRST ANNAPOLIS BANCORP, INC.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * * * * * * *

---

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT WITNESS IDENTIFICATION

---

This matter comes before the Court on Defendant's motion to strike Plaintiff's supplemental expert witness identification. Specifically, Defendant seeks to strike the designation of Dr. Robert E. Litan, an expert named by the Plaintiff-Intervenor FDIC on August 31, 1999. Dr. Litan's expert report was submitted on October 29, 1999, and the Government conducted a lengthy deposition of Dr. Litan. Subsequently, on November 27, 2002, the Court dismissed the FDIC as a party, finding that the FDIC's interests were not adverse to those of the United States and that there was no case or controversy between those entities. First Annapolis Bancorp, Inc. v. United States, 54 Fed. Cl. 529, 547 (2002).[1]

Defendant lodges two grounds for excluding Dr. Litan. The Court addresses each in turn. First, Defendant argues that Bancorp failed to comply with the Court's procedural orders for

---

[1] In so ruling, the Court cited the expert opinion of Dr. Litan that "the maximum damages recoverable by the FDIC, as successor to the rights of First Annapolis, is $27.9 million." 54 Fed. Cl. at 546.

Winstar-related cases regarding the designation of Dr. Litan as an expert. It is true that the FDIC, not Bancorp, originally designated and proffered Dr. Litan as an expert. While it may be somewhat unusual for a party to "piggyback" on the discovery and trial preparation efforts of a former party, Winstar cases present an atypical litigation scenario. Given the evolving guidance from our appellate authority, the landscape in Winstar cases has changed since the Court initially issued those procedural orders in an effort to manage the massive, complex litigation. As such, this Court has recognized that, in the search for truth, departure from those early procedural orders has sometimes been warranted. E.g., Order Reopening Discovery on Shareholder Loans dated January 20, 2006.

While it would have been helpful for Plaintiff to have advised the Defendant and the Court sooner that it intended to proffer Dr. Litan and continue to utilize his previously-obtained expertise, it ought not be fatal to Plaintiff's efforts that it failed in this regard. Dr. Litan was promptly identified, fully deposed, and his opinions could have been tested completely by Defendant in this case, albeit under the auspices of refuting the claim of a different plaintiff, i.e., FDIC. As such, Defendant has not been prejudiced by this delay.

Defendant's second ground for striking Dr. Litan's testimony is that his theory of damages is barred by current caselaw rejecting similar damage models. It would be inappropriate for the Court to strike an expert opinion on the ground that it is inconsistent with recent caselaw, without hearing the opinion in the full context of the facts elicited at trial.

## CONCLUSION

Defendant's motion to strike Plaintiff's supplemental expert witness identification is **DENIED**.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**