# In the United States Court of Federal Claims

**No. 94-522C**
**(Filed February 6, 2007)**

* * * * * * * * * * * * * * * * * * * * * * * *

**FIRST ANNAPOLIS BANCORP, INC.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * * * * * * *

---

## ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE G. THOMAS DAUGHERTY AND GRANTING ALTERNATIVE MOTION FOR DISCOVERY

---

This matter comes before the Court on Defendant's motion in limine to exclude Plaintiff's newly disclosed witness or, in the alternative, for discovery.[1]

Defendant has asked that the Court exclude G. Thomas Daugherty, the president of Bancorp, from testifying at trial. Mr. Daugherty was identified as a potential witness on the issue of a tax gross-up on December 27, 2006, in Plaintiff's witness list exchanged during the meeting of counsel. Specifically, Plaintiff represented that this witness "will explain that an award of compensatory damages in this case would be taxed as gross income to Bancorp . . . [and will] testify about the rate at which Bancorp will have to pay taxes on an award of compensatory damages." Bancorp's Witness List (Jan. 16, 2007) at 3.

---

[1] This motion was filed on January 25, 2007, and the Court granted Defendant's request for expedited consideration. Plaintiff filed its opposition on February 1, 2007, and Defendant filed its reply yesterday, on February 5, 2007.

As grounds for its motion, Defendant contends that Plaintiff was obligated to disclose its potential fact witnesses during the discovery period in 1998, noting that Plaintiff did identify 92 possible fact witnesses but did not mention Mr. Daugherty. Defendant complains that Bancorp's eleventh-hour identification of Mr. Daugherty and the tax gross-up claim are untimely and that allowing the testimony would prejudice Defendant. In the alternative, Defendant requests that the Court allow a deposition of Mr. Daugherty prior to trial and direct Bancorp to comply with all written discovery directed to this new testimony. Finally, Defendant asks that it be permitted to identify a tax expert to respond to this damages claim at trial.

The procedural discovery order on which Defendant relies was entered on August 11, 1997, and provided that a party provide "to the extent known" its potential witnesses. Plaintiff explains that at the time it filed its witness list on May 1, 1998, it did not know that Mr. Daugherty would be testifying with respect to a claim for a tax gross-up of a damage award. Indeed, such a claim was not even recognized at that time in Federal Circuit precedent. As Plaintiff points out, for the first time in March 2005, the Federal Circuit recognized that a tax gross-up might be appropriate in Home Savings of America, FSB v. United States, 399 F.3d 1341, 1356 (Fed. Cir. 2005).

Defendant argues that Plaintiff should have made this claim in March 2005, when Home Savings was issued, or soon thereafter, and updated its discovery responses to include such claim. Reply at 2. However, even acknowledging Plaintiff's delay in raising the tax gross-up claim, any prejudice to the Government due to this delay can be mitigated by permitting the deposition of Mr. Daugherty, directing prompt response to Defendant's written discovery requests and authorizing Defendant to designate a tax expert. Trial is not scheduled until March 19, 2007, and Defendant will have ample opportunity to prepare a response to the tax gross-up claim disclosed in December 2006.

## CONCLUSION

1. Defendant's motion in limine to exclude G. Thomas Daugherty is **DENIED**.

2. Defendant may depose Mr. Daugherty at a time and place mutually convenient to the witness and to counsel. All costs of this deposition shall be borne by Plaintiff.

3. Defendant may serve written discovery related to the tax gross-up claim no later than **February 9, 2007**, and Plaintiff shall respond to such written discovery no later than **February 16, 2007**.

4. Defendant may retain and identify an appropriate tax expert on the tax gross-up claim and present this witness at trial. Defendant shall identify this expert and provide his curriculum vitae by **February 20, 2007**. Defendant's request that this expert witness be relieved of filing an expert report is **DENIED**. The expert report required by RCFC 26(a)(2)(B) shall be filed by **March 2, 2007**.

5. Defendant may file an Amendment to its Memorandum of Contentions of Fact and Law on or before **March 5, 2007,** solely to address the tax gross-up issue.

6. The final Pretrial Conference is rescheduled to **March 8, 2007, at 10:00 a.m.** at the United States Court of Federal Claims.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**