IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **FIRST ANNAPOLIS BANCORP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 94-522C** |
| **v.** | ) | **(Judge Williams)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S NEW CLAIM FOR RELIANCE DAMAGES**

Pursuant to Rules 1 and 7 of the Rules of the Court of Federal Claims (RCFC), and the Court's order dated February 7, 2007, defendant, the United States, respectfully requests that the Court issue an order in limine prohibiting plaintiff, First Annapolis Bancorp, Inc. ("Bancorp"), from introducing any evidence in support of its eleventh-hour claim for reliance damages.

## INTRODUCTION

During closing arguments after the prior material breach trial in this case, the Court and Bancorp's counsel had a colloquy regarding the ever-changing documents Bancorp contends should be considered as its alleged contract with the Government. Tr. at 851-56. In response to one of the Court's questions, Bancorp's counsel stated: "I have this curious notion that the litigants should take positions and stick with them." Tr. at 855. We wholeheartedly agree. Bancorp, however, does not practice what it preaches.

In its pre-trial contentions of fact and law, submitted only two months before trial, Bancorp alleged, in addition to a new claim for tax-gross-up, a claim for reliance damages. Pl. App. A. at 38. For the newly minted reliance claim, Bancorp has alleged damages in the amount of $14,165,874, approximately $500,000 more than the $13,665,907 previously claimed in restitution damages. Pl. Am. App. A at 13. Bancorp's untimely reliance damages theory is a

belated attempt to enlarge its damages claim to seek the remainder of the capital it raised when it issued 14,165,874 shares of common stock. Pl. Am. App. A at 5 (citing PX 12). Bancorp acknowledges that this excess capital was **not** infused into First Annapolis Savings Bank, FSB ("First Annapolis"). Id. (citing PX 31). Bancorp vaguely claims that "[t]he balance of the capital raised by Bancorp, $499,967, was spent by Bancorp as costs incurred in the performance of its contract with the Government." Id. Bancorp, however, has not cited to any evidence to support this untimely claim.

As with Bancorp's tax gross-up claim, there has been no discovery regarding the reliance claim or Bancorp's additional claim for $500,000. Bancorp's litigation tactics constitute "trial by ambush" and should not be tolerated. Accordingly, any evidence of this claim for reliance damages should be excluded. Cf. Licciardi v. TIG Ins. Group, 140 F.3d 357, 359 (1st Cir. 1998) (reversing defense verdict procured by "trial by ambush tactics" when defense counsel "supplemented" an expert opinion during trial); Congressional Air Ltd. v. Beech Aircraft Corp., 176 F.R.D. 513, 516 (D.Md. 1997) (disallowing submission of a "rebuttal" expert disclosure within twelve days of the due date of the pretrial order, and less than one month before trial).

## BACKGROUND

Bancorp filed this lawsuit on August 10, 1994. See Compl. In its complaint, Bancorp alleged various causes of action (see id. at 15-22), and prayed for an award "directing the United States to pay plaintiff's **restitution of the capital invested in First Annapolis**, the reasonable value of the benefits plaintiff has conferred on the United States by meeting its obligation under the agreement and damages, in an amount to be determined at trial." Id. at 22 (emphasis added).

Bancorp's complaint **did not** allege any damages based upon a reliance theory or seek compensation for capital **not invested** in First Annapolis.

Fact discovery commenced in this case in the summer of 1998 and concluded on August 5, 1999. After the completion of fact discovery, expert discovery began and concluded on July 19, 2000. First Annapolis filed the initial expert witness report of Dr. Edward J. Heiden on August 3, 1999, and an additional expert witness report on October 29, 1999. Although Dr. Heiden's reports are perfunctory at best, he never opined upon a reliance theory of damages nor asserted that First Annapolis was entitled to $14,165,874 – $500,000 more than the $13,665,907 invested by Bancorp in First Annapolis. See generally Heiden Report (Aug. 3, 1999); Heiden Report (Oct. 29, 1999). Likewise, the FDIC's expert, Dr. Robert E. Litan, has never posited a reliance theory of damages nor opined that Bancorp is entitled to any amount of damages, much less $500,000 more than the $13,665,907 that Bancorp invested in First Annapolis.

During the discovery phase of this case (including the reopening of discovery for the prior material breach trial), 30 depositions were conducted, but no deponent contended that Bancorp was asserting reliance damages or that Bancorp was entitled to $13,665,907 plus "$499,967, [that] was spent by Bancorp as costs incurred in the performance of its contract with the Government." Pl. App. A at 8. In addition, Bancorp filed a motion for summary judgment on damages August 5, 1999, yet it **did not** allege a reliance theory or that it was entitled to any damages in excess of the $13,665,907 it invested in First Annapolis. See generally Pl. Mot. for Partial Summ. Judg. on Damages (Aug. 5, 1999).

At no time during the two and a half years of fact and expert discovery or the seven years since then, with the ensuing exchange of thousands of documents, 30 depositions, multiple

motions, and a full trial on prior material breach, did Bancorp ever indicate that it was seeking reliance damages of $14,165,874. As a result, no discovery has been conducted on this claim and Bancorp has failed to identify any evidence to support the additional damages totaling $499,967.

## ARGUMENT

### I. The Legal Standard For Motions In Limine

Pursuant to RCFC 16, the Court may limit or simplify issues at trial by deciding them through pre-trial orders. As this Court explicitly recognized in Baskett v. United States, 2 C1. Ct. 356 (1983), aff'd, 790 F.2d 93 (Fed. Cir. 1986):

> A motion in limine is a useful tool to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters. Such a motion enables a court to rule in advance of the admissibility of documentary or testimonial evidence and thus expedite and render efficient the subsequent trial.

Id. at 367-68. The Court's power to simplify and limit issues for trial allows it, among other things, "to define the issues, facts and theories actually in contention and to weed out extraneous issues. This [C]ourt also has the authority to issue pretrial rulings concerning the admissibility at trial of proposed testimony and documentary evidence." Id.; see also Inslaw, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996); Weeks Dredging & Contracting Inc. v. United States, 11 C1. Ct. 37, 45 (1986) (a motion in limine is favored in complex litigation as a means "to increase trial efficiency and promote improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial") (internal citation and quotation marks omitted); International Graphics Div. of Moore Business Forms, Inc. v. United States, 5 Cl. Ct. 100, 104 (1984) (quoting same).

## II. Restitution and Reliance Damages Are Not Interchangable

Other than an ambiguous request for $499,967 in unidentified "additional costs of performance under the contract," the cursory description of the belated reliance damages theory in Bancorp's contentions of fact and law is essentially a rehashing of its restitution theory. "However, restitution is not recoverable in addition to reliance damages for the same injury." American Capital Corp. v. United States, 472 F.3d 859, 870 (Fed. Cir. 2006) ("AmCap II"). It is well established that "restitution and a suit for damages are alternative remedies." Petrofsky v. United States, 488 F.2d 1394, 1405 (Ct. Cl. 1973).

The purpose of reliance damages is to compensate the plaintiff "for loss caused by reliance on the contract." Restatement (Second) of Contracts at § 344(b); see also Old Stone Corp. v. United States, 450 F.3d 1360, 1374 (Fed. Cir. 2006). Unlike restitution damages, a party seeking reliance damages must establish that they were "proximately caused by the breach." Old Stone, 450 F.3d at 1375 (citing Hughes Comm. Galaxy, Inc. v. United States, 271 F.3d 1060, 1066 (Fed. Cir. 2001). For reliance damages, the "plaintiff's loss must have been foreseeable to the party in breach at the time of contract formation." Old Stone, 450 F.3d at 1375; Landmark Land Co., Inc. v. United States, 256 F.3d 1365, 1378 (Fed. Cir. 2001); see also Old Stone, 450 F.3d at 1376 ("We hold that the loss of [the plaintiff's] initial contributions were not a foreseeable result of the enactment of FIRREA and cannot be recovered under a reliance theory.").

Accordingly, simply because Bancorp pled a claim for restitution damages does mean that it may now "piggy-back" a theory for reliance damages upon the eve of trial. As demonstrated by the authorities cited herein, restitution and reliance are two distinct theories of

damages and involve proving different standards for recovery. This is particularly important considering that no discovery has been conducted concerning Bancorp's reliance damages claim. Moreover, we have never had the opportunity to consider the reliance damages claim, much less respond to the merits of such a claim. In fact, even at this late date, the merits of Bancorp's vague reliance claim are unknown because Bancorp fails to cite to any evidence supporting the additional $499,967 in "additional costs of performance under the contract." To the extent that Bancorp intended to claim reliance damages, Bancorp should have disclosed this theory of recovery years ago and certainly prior to the eve of trial.

## III. Permitting Bancorp To Present A New Theory Of Damages Will Severely Prejudice Our Defense In This Case

"When scheduling orders are violated, an opposing party is often prejudiced by the ensuing delay and resultant expense." Trilogy Communications, Inc., v. Times Fiber Communications, Inc., 109 F.3d 739, 745 (Fed. Cir. 1997) (citing Geiserman v. McDonald, 893 F.2d 787, 792 (5th Cir. 1990)); see Godley v. United States, 5 F.3d 1473, 1476 (Fed. Cir. 1993) (noting that incurring additional expenses constitutes prejudice); see also Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 230 (2d Cir. 2001) ("undue delay or expense" is a "form of recognized prejudice").

We will suffer severe prejudice, and it would be manifestly unjust, for Bancorp to be permitted to introduce, at trial, evidence in support of its undisclosed claim for reliance damages in the amount of $14,165,874. See Commerce Funding Corp. v. Comprehensive Habilitation Services, Inc., 2005 WL 1026515 *6 (S.D.N.Y. 2005) (granting motion in limine to exclude "eleventh hour fraud" claim "find[ing] that it would be manifestly unjust to allow [a party] to assert such a claim on the eve of trial."); McRae v. Publications Intern., Ltd., 985 F. Supp. 1036,

1042 (D. Kan. 1997) (finding that "(t)rial by ambush will not be permitted" and granting motion in limine prohibiting party from presenting newly disclosed expert opinion on the eve of trial"). Plaintiff's untimely assertion of an entirely new damages theory, two months before trial, and with no supporting evidence, makes it virtually impossible for us to adequately respond to it.

Bancorp's reliance theory involves an entirely new standard of proof and $499,967 in undisclosed damages. Thus, Bancorp's new claim for reliance damages undoubtedly requires an entirely different analysis than its claim for restitution. Even if the Court allows Bancorp's eleventh-hour claim, it is uncertain how Bancorp intends to prove or calculate such damages as neither Bancorp's expert, Dr. Edward Heiden, nor the FDIC's expert, Dr. Robert Litan, has opined upon anything remotely resembling a reliance damages theory. See generally Heiden Reports; Litan Report.

Not only have our experts never had an opportunity to analyze Bancorp's new theory, there has been no discovery concerning it, because Bancorp never suggested that it would be asserting a reliance damages claim. At a minimum, Bancorp should be required to make an offer of proof prior to trial regarding its additional $499,967 in damages "additional costs of performance under the contract." Why were these costs incurred? Was the $499,967 spent on Bancorp's attorney's fees or other costs in this litigation? If so, these fees and costs would be unrecoverable as a matter of law. See LaSalle Talman Bank, F.S.B. v. United States, 45 Fed. 64, 97 (1999), aff'd in part, rev'd in part, 317 F.3d 1363 (Fed. Cir. 2003) (holding that absent an express statutory provision, attorney fees and costs incurred in litigating against the Government are not recoverable); see also Piggly Wiggly Corp. v. United States, 81 F. Supp. 819 (Cl. Ct. 1949).

We cannot, with less than 20 days remaining before trial, be prepared to respond to a newly minted reliance theory and verify the accuracy of the additional $499,967 in damages, while we continue to prepare to defend against the Bancorp's restitution theory. It would be fundamentally unfair, and result in severe prejudice, to require us to proceed to trial as scheduled, and defend against a new theory of damages without adequate time to prepare our defense, because Bancorp has disclosed a new theory of recovery on the eve of trial. See United States v. Cook, 608 F.2d 1175, 1186 (9th Cir. 1979) (en banc), cert. denied, 444 U.S. 1034 (1980) ("Trial by ambush may produce good anecdotes for lawyers to exchange at bar conventions, but tends to be counterproductive in terms of judicial economy.").

**CONCLUSION**

For the reasons set forth above, we respectfully request that the Court grant our motion in limine, and bar Bancorp's claim for reliance damages in the amount of $14,165,874.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/ Kenneth M. Dintzer

KENNETH M. DINTZER
Assistant Director

s/Richard B. Evans

RICHARD B. EVANS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-7760
Facsimile: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:
TIMOTHY ABRAHAM
MELINDA HART
MARK T. PITTMAN
DELISA M. SANCHEZ
Trial Attorneys

February 28, 2007

CERTIFICATE OF FILING

I hereby certify that on February 28, 2007, a copy of the foregoing "DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S NEW CLAIM FOR RELIANCE DAMAGES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard B. Evans