**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FIRST ANNAPOLIS BANCORP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 94-522C** |
| | ) | **(Judge Williams)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO ADMIT**
**DEPOSITION TESTIMONY OF DAVID COOK**

Plaintiff, First Annapolis Bancorp, Inc., by and through counsel, respectfully requests leave, pursuant to Rule 32(a)(3)(E) of the Rules of the United States Court of Claims, to admit the deposition testimony of David Cook as substantive evidence in the trial of this case, and pursuant to Appendix A - paragraph 15(b), to file the transcript of such testimony. In support of this Motion, Plaintiff states as follows:

1. David Cook ("Cook") was employed by First Annapolis Savings Bank as an Executive Vice President. Mr. Cook was designated on Plaintiff's Witness List to testify about various topics, including:

> . . . the policies, practices, and procedures of First Annapolis with respect to loan origination, including, but not limited to, underwriting standards, internal checks and controls and loan reserves; First Annapolis' business plans and its compliance with those plans; First Annapolis' strategies for operation and growth and the success of those strategies; the economic conditions during the relevant time period, including the real estate market and its effect upon First Annapolis; First Annapolis' overall financial conditions and performance, the effect of FIRREA on First Annapolis prior to and afer its enactment by Congress, and those matters discussed in his deposition.

2. Cook was also listed as a witness on Defendant's Witness List.

3. Cook is not a shareholder of Plaintiff, and has other than his deposition, which was noticed and conducted by Defendant, has not been involved in this litigation.

4. Cook currently resides in Doylestown, Pennsylvania, which is in excess of 160 miles from the United States Court of Federal Claims.

5. Counsel for Plaintiff has attempted to contact Cook, but has not received a call back from him.

6. Cook's deposition was conducted by counsel for the Government on August 5, 1999, in Philadelphia, Pennsylvania. The deposition began at 11:30 a.m. and was concluded by 1:30 p.m. The transcript is 83 pages long. Plaintiff intends to offer the entire transcript into evidence.

7. Plaintiff respectfully requests consideration of this Motion at the Pretrial Conference presently scheduled for 10:00 a.m. on March 8, 2007.

Respectfully submitted,

COOTER, MANGOLD, TOMPERT
& KARAS, L.L.P.

s/Dale A. Cooter
Dale A. Cooter, Esq.
James E. Tompert, Esq.
5301 Wisconsin Avenue, NW
Suite 500
Washington, D.C. 20015
Tel: (202)537-0700
Fax: (202) 364-3664

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of March 2007, a copy of the foregoing Motion was filed electronically pursuant to the Electronic Case Filing procedures of the United States Court of Federal Claims, with service by Notice of Electronic Filing to the designated attorneys and parties of record.

s/Dale A. Cooter
Dale A. Cooter