**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FIRST ANNAPOLIS BANCORP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 94-522C** |
| **v.** | ) | **(Judge Williams)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S OBJECTIONS TO OUR EXHIBITS**

Pursuant to the Court's order dated February 20, 2007, defendant, the United States, respectfully responds to plaintiff's, First Annapolis Bancorp, Inc. ("Bancorp"), objections to our trial exhibits.

On February 16, 2007, Bancorp filed its objections to our list of trial exhibits; however, it did so prematurely. Bancorp filed objections to the list of exhibits that we produced at the meeting of counsel on December 27, 2007. This list contained all of the DX and JX exhibits from the June 2006 trial as well as the new DX exhibits that we had identified for the upcoming damages trial. Moreover, that list did not reflect those documents that we anticipated using at trial.

Pursuant to this Court's scheduling orders, our contentions of fact and law were not due until February 23, 2007. In accordance with the Rules of the Court of Federal Claims ("RCFC"), we also filed our updated list of exhibits that same day, which identified those exhibits we expect to offer at trial. This list was derived from the list produced to Bancorp in December 2006, but was culled down to exclude the DX exhibits related to the shareholder loan issue, which was the subject of the last trail. This culling reduced the number of documents to which Bancorp objected by more than half – from 742 to 358. Additionally, the number of Bancorp's objections

to the documents that we identified with an asterisk in our February 23, 2007 filing is only 116. Ninety percent of Bancorp's objections are based upon relevance.

Bancorp's relevance objections are misguided. Our contentions of fact and law demonstrate the relevance of most, if not all of the documents that Bancorp objected to upon grounds of relevance. For example, Bancorp objects to the relevance of JX 134, First Annapolis' Revised Regulatory Business Plan. As indicated in our contentions of fact and law (¶¶ 33-34), this document addresses the disparity between First Annapolis' planned profitability and its actual performance. This is directly related to the issue of total breach and, therefore, relevant to our defense of this case. Accordingly, the Court should require Bancorp to reexamine it objections to our new exhibit list in light of the filing of our contentions of fact and law.[1] The relevance of the documents identified with an asterisk on our filed exhibit list should be readily apparent to Bancorp.

Bancorp also lodged several hearsay objections, the majority of which are related to the listing of our experts' reports in this case. See DX 2446-52. Although these documents, standing alone, may be considered hearsay, each document has an independent avenue for the admission of its contents into evidence under certain circumstances.

For example, Rule 803(5) would permit introduction of the contents of the expert reports in the event they are used as a past recollection recorded, assuming proper procedures were followed. See Bondie v. BIC Corp., 947 F.2d 1531, 1534 (6th Cir. 1991) (witness properly permitted to testify using her own report to refresh her testimony); Fortier v. Dona Anna Plaza

---

[1] If Bancorp had filed its objections when they were due on February 28, 2007, instead of February 16, 2007, this would likely not be an issue.

Partners, 747 F.2d 1324, 1332 (10th Cir. 1984) (expert's report qualified as a "recorded recollection"); Pieszak v. Glendale Adventist Medical Center, 112 F.Supp. 2d 970, 999 (C.D. Cal. 2000).

In addition, although Rule 705 permits an expert to testify concerning his opinions without first having to testify concerning the underlying facts or data, the Court may require them to do so. United States v. Brien, 59 F.3d 274, 278 (1st Cir. 1995). Further, upon cross-examination, Bancorp may require our experts to disclose the underlying facts or data upon which their opinions are based. Ambrosini v. Labarrraque, 966 F.2d 1464, 1468 (D.C. Cir. 1992). In either case, our experts' reports would be admissible to explain the facts and data upon which our experts relied in forming their opinions in this case.

Finally, it is our expectation that these reports will not be entered into evidence. Nevertheless, it is our experience that identifying an expert's reports by exhibit number, whether they are ultimately offered or not, makes post-trial and appellate review of the record much more efficient and clear. Indeed, Bancorp did the same thing, even before we filed our exhibit list. Bancorp listed both the report of its expert, Dr. Heiden, as well as that of the FDIC's expert, Dr. Litan, as exhibits on its list filed on January 16, 2007. See PX 43-47.

As this Court is aware, as defendant, we have to respond to whatever argument or testimony that Bancorp presents during its case-in-chief. We cannot predict all the potential nuances such testimony may contain or all the directions such arguments may lead. Therefore, we have to be prepared to respond to any argument. Additionally, as this Court is aware, not every document on an exhibit list is entered into evidence, but a document has to be listed on the exhibit list to be introduced at trial.

Our exhibit list contains the set of documents we may need to present at trial – it does not, naturally, represent the expectation that we will seek to introduce every document on the exhibit list into evidence.[2] For example, we have numerous documents on our exhibit list that were considered by our experts in forming their opinions in the case. Depending upon the course of trial, we may need to introduce certain of those documents into evidence. This practice is entirely proper. Accordingly, our list is narrowly tailored to the facts and issues of this case that we believe will be, or could be, raised at trial.

[2] Indeed, pursuant to RCFC Appendix A. ¶ 16, we identified those exhibits that we "expect[] to offer" at trial. The remainder of our exhibits are those we "may offer if the need arises."

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer

KENNETH M. DINTZER
Assistant Director

s/Richard B. Evans

RICHARD B. EVANS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-7760
Facsimile: (202) 305-7644

OF COUNSEL:
TIMOTHY ABRAHAM
MELINDA HART
MARK T. PITTMAN
DELISA M. SANCHEZ
Trial Attorneys

March 2, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on March 2, 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO OUR EXHIBITS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard B. Evans