**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FIRST ANNAPOLIS BANCORP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 94-522C** |
| **v.** | ) | **(Judge Williams)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION**
**TO FOR LEAVE TO ADMIT DEPOSITION TESTIMONY OF DAVID COOK**

Defendant, the United States, respectfully opposes plaintiff's, First Annapolis Bancorp, Inc. ("Bancorp"), motion for leave to file a deposition transcript in lieu of live testimony at trial. Bancorp has failed to establish the requisite elements to designate deposition testimony including unavailability of the witnesses, RCFC 32(a)(3)(C), (E), given this Court's nationwide subpoena power. Designation of deposition testimony is a last resort used only when a witness is unavailable to appear at trial. Bancorp has not shown, and likely cannot show, that this witness is unable to appear at trial. Accordingly, the motion should be denied.

**I. Bancorp Has Failed To Meet Its Burden To Use Deposition Testimony Instead Of Live Testimony As Substantive Evidence**

Bancorp seeks to admit the entire deposition of David Cook into evidence in lieu of calling him to testify at trial on the basis that Mr. Cook lives more than 100 miles from the District of Columbia, and that Bancorp's counsel "has not received a call back from him." Pl. Mot. at 2. Bancorp, however, has not shown the requisite cause for using Mr. Cook's deposition testimony rather than calling him to testify at trial. See RCFC App. A § 15(b); see also Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 963 (10th Cir. 1993) (proponent of using

deposition testimony at trial bears the burden of proving it is admissible in lieu of live testimony under Federal Rule of Civil Procedure 32).

Although the Rules of this Court are modeled after the Federal Rules of Civil Procedure, there is a fundamental distinction between this Court and the Federal district courts that bears importantly upon this issue. The Court of Federal Claims is a Court of nationwide jurisdiction in which cases arise throughout the United States. See, e.g., Adrienne Village v. United States, 25 Cl. Ct. 457, 461 n.3 (1992); Ross v. United States, 16 Cl. Ct. 378, 383 (1989); see also RCFC 45, Rules Committee Note. Unlike Federal district courts, this Court is authorized to hold proceedings and subpoena witnesses and evidence from any place within the United States, consistent with its jurisdictional mandate. See 28 U.S.C. §§ 2503, 2521; compare F.R.C.P. 45 with RCFC 45. The Court of Federal Claims routinely grants parties leave to issue subpoenas beyond the 100 mile limit. Indeed, we intend to file such a motion with the Court for the upcoming trial.

Witnesses are protected against undue burden by RCFC 45(c)(3)(B)(iii), which provides assurance that witnesses be reasonably compensated. In these circumstances, it is not in the interest of justice to allow Bancorp to "offer the entire [deposition] transcript into evidence" instead of calling Mr. Cook to testify. Pl. Mot. at 2.

Even under the FRCP, the purported lack of contact with a witness is not a valid basis for admitting their deposition testimony. Bancorp claims that its counsel "has attempted to contact Cook," ostensibly by telephone, but does not detail any further attempts to contact Mr. Cook, including by mail. Id. Moreover, counsel for Bancorp represented Mr. Cook at his deposition in 1999. Accordingly, as his counsel, Bancorp should have the means for contacting its client.

Bancorp asserts no basis for using Mr. Cook's deposition other than the fact that he has not returned a telephone call and that he resides in excess of 100 miles from Washington, D.C. Bancorp has not met its burden of demonstrating that this witness is unavailable. See Jauch v. Corley, 830 F.2d 47, 50 (5th Cir. 1987) (burden of showing witness unavailability rests upon party seeking to introduce the deposition). Bancorp offers this Court no basis upon which to conclude that in-court observation of this witness would be "extremely difficult or virtually impossible." Id.

RCFC 32(a)(3)(E)(ii) advises the Court to consider the interests of justice, where a party asserts distance from the Court as the basis for using deposition testimony. This latter inquiry is informed by the "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2142, p. 158 (2d ed. 1994) (discussing FRCP 32); see also Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) (stating that "testimony given on the stand in person is preferred over hearsay," such as a witness' former testimony, and "tradition, founded in experience, uniformly favors production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination"); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general rule is that testimony at all trials must be live. . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person."); "'The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand.'" Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521,

522 (D.C. Utah 2003) (quoting Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)).

RCFC 32(a)(3)(E)(ii) expressly recognizes the importance of presenting the testimony of witnesses in open court. Only by hearing the witness testify can the Court assess the credibility of the witness and the weight to accord to the testimony. Indeed, appellate courts have traditionally deferred to the trial court on matters pertaining to the credibility of witnesses precisely because the appellate court's "ability to make this assessment is in stark contrast to the district judge's," who is "able to watch and listen to the witnesses as they testified." United States v. Shaw, 824 F.2d 601, 609 (8th Cir. 1987).

Moreover, in addition to the deposition that Mr. Cook gave in 1999, he was also deposed in 1990 – within months of the events that form the basis of the issues to be tried later this month. Specifically, Mr. Cook was deposed by the OTS in August 1990, as part of an inquiry into the demise of First Annapolis. As one would expect, this deposition reveals a much sharper recall of the events that transpired than his deposition from nearly a decade later in 1999. Additionally, this 139-page deposition reveals testimony from Mr. Cook, which, in many instances, is highly critical of First Annapolis and its management. Given this conflicting deposition testimony, it is even more critical for Mr. Cook to testify in person, should Bancorp wish to rely upon Mr. Cook's testimony in its case-in-chief, in order for the Court to be able to assess his credibility.

## CONCLUSION

For these reasons, the Court should deny Bancorp's motion to admit the deposition testimony of David Cook. However, in the event that the Court grants Bancorp's motion, it should also allow the Government to file counter-designations from Mr. Cook's 1990 deposition in an effort to try to complete the record.

Respectfully submitted,

MICHAEL HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer

KENNETH M. DINTZER
Assistant Director

s/Richard B. Evans

RICHARD B. EVANS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-7760
Facsimile: (202) 305-7644

OF COUNSEL:
TIMOTHY ABRAHAM
MELINDA HART
MARK T. PITTMAN
DELISA M. SANCHEZ
Trial Attorneys

March 5, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on March 5, 2007, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO ADMIT DEPOSITION TESTIMONY OF DAVID COOK" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard B. Evans