**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FIRST ANNAPOLIS BANCORP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 94-522C** |
| **v.** | ) | **(Judge Williams)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S MOTION FOR AUTHORIZATION OF SERVICE OF SUBPOENAS MORE THAN 100 MILES FROM THE PLACE OF TRIAL</u>**

Pursuant to Rule 45(b)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to enter an order authorizing the issuance of subpoenas to compel Messrs. Gregory B. Jones, Park T. Zimmerman, and David F. Cook to travel more than 100 miles to testify at trial in Washington, D.C.

Good cause exists for the issuance of subpoenas for these individuals, who are listed on defendant's witness list filed pursuant to Appendix A of the RCFC. These persons may be called as witnesses by defendant, and their presence at the trial may be necessary for defendant to present its case. These witnesses are not employees of defendant. They reside and are employed, unless retired, at least 100 miles away from Washington, D.C. Mr. Jones is located in Alpharetta, Georgia; Mr. Zimmerman is located in Sandy Springs, Georgia; and Mr. Cook is located in Doylestown, Pennsylvania.

## I. This Court's National Jurisdiction Provides The Basis For Granting This Motion

The Court of Federal Claims is a Court of nationwide jurisdiction in which cases arise throughout the United States. See, e.g., Adrienne Village v. United States, 25 Cl. Ct. 457, 461 n.3 (1992); Johnson City Med. Ctr. Hosp. v. United States, 20 Cl. Ct. 515, 516 (1990); Ross v. United States, 16 Cl. Ct. 378, 383 (1989); In re Complaint of Judicial Misconduct, 2 Cl. Ct. 255, 261 n.11 (1983); see also RCFC 45, Rules Committee Note. Unlike litigants appearing in the Federal district courts, parties appearing before this Court must have greater latitude to subpoena trial witnesses outside 100 miles from the courthouse. Compare F.R.C.P. 45 with RCFC 45. Therefore, this Court's nationwide jurisdiction establishes the basis for granting such authorization. Without such authority, the defense of our case will be greatly prejudiced, as we will be unable to present important testimony.

## II. Good Cause Exists To Grant Authority To Issue A Trial Subpoena

We have demonstrated good cause for authority to issue the requested subpoenas. First, we may need to call these witnesses at trial to present our case as well as respond to plaintiff's case. Second, these witnesses are not current employees of defendant. Third, these witnesses reside and are employed, unless retired, at least 100 miles away from Washington, D.C. These factors are sufficient to establish that good cause exists.

Further, we will require testimony from Douglas A. Parran of Lusby, Maryland. Although Mr. Parran resides within 100 miles of Washington, D.C., we request authority to issue a subpoena simply to secure his travel reimbursement from the United States Marshals Service.

Accordingly, we respectfully request that the Court authorize the issuance of subpoenas to require Messrs. Jones, Zimmerman, Cook, and Parran to travel and provide testimony, if necessary, for the upcoming trial.

Respectfully submitted,

MICHAEL HERTZ
Deputy Assistant Attorney General

s/Jeanne E. Davidson

JEANNE E. DAVIDSON
Director

s/Richard B. Evans

RICHARD B. EVANS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-7760
Facsimile: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:
TIMOTHY ABRAHAM
MELINDA HART
MARK PITTMAN
DELISA M. SANCHEZ
Trial Attorneys

March 5, 2007

CERTIFICATE OF FILING

I hereby certify that on March 5, 2007, a copy of the foregoing “DEFENDANT'S MOTION FOR AUTHORIZATION OF SERVICE OF SUBPOENAS MORE THAN 100 MILES FROM THE PLACE OF TRIAL” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/Richard B. Evans