CETERIS
Transfer Pricing and Tax Valuation Expertise

# Report of Grant M. Clowery

## I. Qualifications

I am a Managing Director of Ceteris, Inc., an economics and accounting consulting firm with offices throughout North America. Formerly, I was an accounting professor teaching tax and accounting courses at The University of Michigan and Northwestern University. I have worked in the tax departments of public accounting firms and as a consultant and expert witness dealing with tax related accounting, economic and valuation issues. I have a Ph.D. in Business from the University of Chicago (specializing in accounting and economics), a Chartered Accountant's designation from the Province of Quebec, a CPA certificate from the State of Illinois and a JD from George Mason University School of Law. I have passed the Virginia State Bar Examination. A copy of my curriculum vitae is attached as Exhibit A.

## II. Assignment

I have been retained by the Department of Justice of the United States of America, the defendant in this matter (First Annapolis Bancorp, Inc. v. United States of America, No. 94-522 C), to render expert opinions regarding tax accounting issues raised by the Plaintiff in relation to its proposed damages. Specifically, I have been asked to opine on the reasonableness of the tax gross-up

claim argued in the Plaintiff's Amended Contentions of Fact and Law (dated February 14, 2007).

As part of my analytical process in this case I have reviewed the transcript (dated February 27, 2007) of the deposition of G. Thomas Daugherty, and the documents made available to me by the Justice Department and listed in Exhibit B.

## III. Summary of Opinions

Based on my knowledge and experience and after review of the relevant materials, I have reached the following opinions:

1. The restitution damage claim asserted by Plaintiff in this matter is entirely of a capital nature and hence would not be included in Plaintiff's financial accounting income if awarded.
2. A tax gross-up is not appropriate in this case because any award consistent with Plaintiff's claims would not be subject to inclusion in taxable income because it is not includible in financial accounting income.
3. Even if any award in this case is treated by Plaintiff as though it were taxable, the existence of Plaintiff's large Net Operating Loss Carryforwards would result in no payment of income tax on such an award.

## IV. Tax Treatment of Damages

The income tax treatment of damage awards follows the financial statement accounting treatment of such awards and is thus based on the nature of the awards. This is because the Internal Revenue Code does not contain a specific section identifying the manner in which damage awards are to be taxed. Thus Generally Accepted Accounting Principles are used to determine the appropriate treatment.

Accounting theory divides receipts into two broad categories: income and capital. If the damages awarded pertain to the results of the entities' ordinary business operations, then that receipt is income and after deduction of appropriate expenses will be subject to income tax. If the damages awarded pertain to transactions involving the entities' equity (i.e., investment in or sale of shares and the payment of dividends), then the receipt is a capital item and is not subject to income tax. Based on this distinction, only the ordinary income component on any damage award will be included in financial statement income and therefore subject to taxation.

## V. Tax Gross-up Calculation

A tax gross-up calculation is made in a damages context where the goal of the Court is to achieve "full recovery" for a plaintiff (who will be taxed upon receipt of the award) by increasing the amount of the award to reflect the tax to be paid. Such a calculation is based on two assumptions. First, that the

award will be taxable and second, that the recipient will actually pay the related tax. As will be shown below neither assumption is met in this case.

## VI. Plaintiff's Damages Claims

Plaintiffs have amended their initial damages claims to include only those amounts related to their investment in First Annapolis (Plaintiff's Amended Contentions of Facts and Law, paragraph 26 and Plaintiff's Response to Defendant's Motion In Limine To Exclude Reliance Damages). Their claim is presented on the basis of the restitution theory of damages and the Plaintiff's Amended Contentions of Facts and Law, paragraph 29, assumes that any award will be taxable to it. As noted in Section IV above, the income tax treatment of any award follows the financial statement treatment. The damages claimed by Plaintiff are entirely related to its investment in First Annapolis and are therefore capital in nature and therefore not included in financial statement income. Plaintiff's claimed damages will not be taxable and therefore, Plaintiff does not meet the first requirement for a tax gross-up.

## VII. Plaintiff's Tax Position

Review of Schedule K, on page 3 of Plaintiff's income tax return for the year ended December 31, 2005 reveals that the Plaintiff reported a Net Operating Loss Carryforward of $59,064,956 as of that date. Contrary to the testimony of Mr. G. Thomas Daugherty and pursuant to applicable authority, as of December 31, 2006, Plaintiff's available Net Operating Loss

Carryforward would be $59,064,430 reflecting the NOL claimed for 2005 of $526. This far exceeds the amount of any award contemplated by Plaintiff and therefore even were such award treated as taxable by the Plaintiff, no taxes would be payable thereon. Therefore Plaintiff does not meet the second requirement for a tax gross-up.

## VIII. Summary

My review of the materials regarding the facts and circumstances of this case supplied to me and my knowledge and experience as an accountant and tax accountant lead me to the following opinions:

1. The restitution damages claim asserted by Plaintiff in this matter is entirely of a capital nature and hence would not be included in Plaintiff's financial accounting income if awarded.
2. A tax gross-up is not appropriate in this case because any award consistent with Plaintiff's claims would not be subject to inclusion in taxable income because it is not includible in financial accounting income.
3. Even if any award in this case is treated by Plaintiff as though it were taxable, the existence of Plaintiff's large Net Operating Loss Carryforwards would result in no payment of income tax on such an award.

My work on this matter is ongoing and I reserve the right to modify any opinions based upon subsequent information that I may receive.

Grant M. Clowery

March 7, 2007

CETERIS
Transfer Pricing and Tax Valuation Expertise

# EXHIBIT A

CETERIS
Transfer Pricing and Tax Valuation Expertise

# Grant M. Clowery C.A., C.P.A., Ph.D., J.D.

Work: (202) 776-7717
Mobile: (202) 299-4641
Fax: (202) 776-7737
Email: grant.clowery@ceterisgroup.com

## Overview

Grant has over 35 years of experience consulting on accounting and economic matters, specializing in transfer pricing issues, auditing, calculation of damages, financial statement analysis, industrial organization, taxation and valuation. As a litigation consultant Grant has addressed such issues as the selection of accounting methods and financial reporting approaches, corporate tax shelters, audit failures, cost allocations, the valuation of both tangible and intangible assets, the determination of damages in a variety of contexts as well as dealing with accounting issues regarding oil pipelines.

## Experience

**Ceteris, Inc.**
Washington, DC.

**Managing Director** October 2006-Present

Responsible for providing transfer pricing, expert witness and economic consulting services to clients in the Washington D.C. metropolitan area and the surrounding Northeastern region of the United States.

**Clowery Consulting**
McLean, VA

**Proprietor** January 2000 - September 2006

Provided consulting services on accounting and economic matters, specializing in transfer pricing issues, auditing, calculation of damages, financial statement analysis, industrial organization, taxation and valuation.

**LECG**
Washington, DC.

**Affiliate** April 2000 - December 2000

Provided accounting and economic consulting services.

**Horst, Frisch, Clowery & Finan Incorporated**
Washington, DC.

**Managing Director** June 1992 - March 2000

Provided consulting services on accounting and economic matters, specializing in transfer pricing issues, auditing, calculation of damages, financial statement analysis, industrial organization, taxation and valuation.

**Independent Consultant**
Oak Park, IL

June 1991 to May 1992

Provided analyses and expert testimony involving transfer pricing.

**Lexecon, Inc.**
Chicago, IL

**Vice President** June 1989 to June 1991

Developed analyses for the resolution of disputes through litigation and alternative dispute resolution. Initially prepared testimony for expert witnesses and later testified myself as an expert in the calculation of damages.

**Coopers & Lybrand**
Detroit, MI

**Manager, International Tax Services** January 1988 to June 1989

As an international tax manager, advised clients on tax planning approaches to their various business situations involving international issues. Participated in the assessment of the annual income tax provision for a number of SEC clients.

**Price Waterhouse & Co.**
Montreal, Quebec

| | |
|---|---|
| **Audit Staff** | (June 1970 to June 1973) |
| **Tax Staff** | (July 1973 to August 1976) |
| **Supervisor** | (June 1975) |

Participated in a variety of engagements on audits as diverse as multinational resource firms, distillers, banks and a wide variety of smaller businesses.

## Education

MBA, University of Minnesota's Curtis Carlson School of Management, 1994
BA, Texas A&M University, 1987

Juris Doctor, George Mason University, School of Law, Arlington, Virginia (September 1996 to December 2001). .

Certified Public Accountant - State of Illinois, Certificate No. 51,379 Issued February 1990.

University of Chicago, Graduate School of Business, Chicago, Illinois (September 1976 to June 1982).

Ph.D. in Business Administration, August 1983, Accounting and Economics.
Dissertation - The Supply of and Demand for Accountants: An Empirical Analysis.

Masters of Business Administration, August 1979, Accounting and Economics.

Chartered Accountant - Province of Quebec, Admitted to Quebec Order of Chartered Accountants January 1973.

Babson College, Babson Park, Massachusetts (September 1967 to June 1970). Bachelor of Science in Business Administration (with Distinction). Finance.

## Teaching Experience

Northwestern University, J.L. Kellogg Graduate School of Management, Evanston, Illinois; Lecturer in Accounting and Information Systems (July 1991 to June 1992).

The University of Michigan, Graduate School of Business Administration, Ann Arbor, Michigan; Assistant Professor of Accounting (July 1982 to December 1987).

University of Chicago, Graduate School of Business, Chicago, Illinois; Lecturer in Accounting (June 1980 to June 1982).

## Prior Testimony, Affidavits & Expert Reports

**Tax Issues:**

*Northeast Savings, F.A. v. United States of America*, United States Court of Federal Claims, Case No. 92-550 C:
- Testimony of Grant M. Clowery (November 1, 2006);
- Report of Grant M. Clowery (January 20, 2004);
- Deposition of Grant M. Clowery (March 10, 2004).

*LaSalle Talman Bank, F.S.B. v.United States of America*, United States Court of Federal Claims, Case No. 92-652 C:
- Testimony of Grant M. Clowery (May, 2004);
- Report of Grant M. Clowery (December 12, 2003);
- Deposition of Grant M. Clowery (January 7, 2004).

*Framatome Connectors USA, Inc., v. Commissioner of Internal Revenue*, United States Tax Court, Docket No. 5030-98, 9160-99:
- Testimony of Grant M. Clowery (October 5, 2000);
- Report of Grant M. Clowery (September 5, 2000).

*ASA Investerings Partnership (Allied Signal Inc., Tax Matters Partner) v. Commissioner of Internal Revenue,* United States Tax Court, Docket No. 27320-96:
- Testimony of Grant M. Clowery (April 15, 1998);
- Report of Grant M. Clowery (February 6, 1998).

*Apple Computer Inc. and Consolidated Subsidiaries v. Commissioner of Internal Revenue*, United States Tax Court, Docket No. 21781-90:
- Testimony of Grant M. Clowery before the Special Arbitration Panel (August 3/4, 1993);
- Rebuttal Report of Grant M. Clowery for the Special Arbitration Panel (June 29, 1993);
- Report of Grant M. Clowery for the Special Arbitration Panel (April 15, 1993).

*National Semiconductor Corporation v. Commissioner of Internal Revenue*, United States Tax Court, Docket Nos. 4754-89 and 8031-90:
- Testimony of Grant M. Clowery (February 23 and 24, 1993);
- Rebuttal Report of Grant M. Clowery (January 15, 1993);
- Report of Grant M. Clowery (December 15, 1992).

*Seagate Technology, Inc. and Consolidated Subsidiaries v. Commissioner of Internal Revenue*, United States Tax Court, Docket No. 11660-90:
- Testimony of Grant M. Clowery (November 20, 1991);
- Report of Grant M. Clowery (October 4, 1991, revised November 15, 1991).

**Oil Pipeline Issues:**

*ARCO Transportation Alaska, Inc. et al. v. The State of Alaska*, Federal Energy Regulatory Commission, Docket No. IS 94-34-000 et al.:
- Prepared Direct Testimony of Grant M. Clowery (May 15, 1996);
- Deposition of Grant M. Clowery (June 17, 1996);
- Prepared Rebuttal Testimony of Grant M. Clowery (April 10, 1997).

*Amerada Hess Pipeline Corporation et al. v. The State of Alaska*, Federal Energy Regulatory Commission, Docket No. IS94-10-002 et al. (Phase II) and Alaska Public Utilities Commission, Docket No. P-94-1 (Phase II):

- Prepared Answering Testimony of Grant M. Clowery (March 14, 1995);
- Supplemental Prepared Answering Testimony of Grant M. Clowery (February 21, 1997);
- Deposition of Grant M. Clowery (May 13, 1997).

**Damage Issues:**

*Julie Lois Fuerth v. Lewis Ira Winarsky, et al.*, United States District Court, District of Maryland, Civil Action Number RWT 04CV3823:

- Report of Grant M. Clowery (June 4, 2005),
- Deposition of Grant M. Clowery (August 8, 2005).

*Janet Forbes and Marie Brown v. Oak Park Hospital Inc. and Dr. Robert Emanuele*, United States District Court, Northern District of Illinois, Eastern Division, No. 91-C-1446:

- Deposition of Grant M. Clowery (November 11, 1992);
- Report of Grant M. Clowery (March 23, 1992).

*B&H Manufacturing, Inc. v. Owens-Illinois Glass Container, Inc.*, United States District Court, Northern District of Georgia, Atlanta Division, No. 1:88-cv-2077-GET:

- Testimony of Grant M. Clowery (March, 1991);
- Deposition of Grant M. Clowery (August 29, 1990).

*Total Communication Services, Inc. v. Seiscor Technologies, Inc. et al.*, United States District Court, Northern District of Illinois, Eastern Division, No. 88-C-8312:

- Deposition of Grant M. Clowery (August 2 and 3, 1990).

**Trade Issues:**

*Furfuryl Alcohol from the People's Republic of China and the Republic of South Africa* - Antidumping Investigation No. 731-TA-703-704:

- Appearance for Petitioner at Final Hearing before the United States International Trade Commission (May 3, 1995).

*Bicycles from the People's Republic of China* - Antidumping Investigation No. 731-TA-731:

- Appearance for Respondents at Preliminary Hearing before the United States
- International Trade Commission (April 11, 1995).

*Silicomanganese from Brazil, The People's Republic of China, Ukraine, and Venezuela* - Antidumping Investigation Nos. 731-TA-671-674:

- Appearance for Respondents at Final Hearing before the United States International Trade Commission (November 3, 1994).

**Other Issues:**

*Intercompany Transfer Pricing and Cost Sharing Regulations Under Section 482*, Hearing on Proposed Regulations (INTL-372-88; INTL-401-88):

- Comments of Grant M. Clowery before the United States Internal Revenue Service (August 31, 1992).

## Publications/Presentations

"*Use of Accounting and Managerial Data*", Chapter 6 in Chandler, Plotkin, Granfield, and Clowery, 889 T.M., Transfer Pricing: Economic, Managerial and Accounting Principles, Tax Management Inc. 1995.

"*The Super Royalty: A Suggested Regulatory Approach*" with Deloris R. Wright. Tax Notes, Vol. 36, Number 4, July 27, 1987.

"*Recent Developments in Computer Usage in the Teaching of Tax Courses*" with Debra M. White, Kevin M. Misiewicz and Jerrold J. Stern. Journal of the American Taxation Association, Spring 1987.

"*The Debate on Computing Corporate Effective Tax Rates - An Accounting View*" with Edmond Outslay and James E. Wheeler. Tax Notes, Vol. 30, No. 10, March 10, 1986.

"*Characteristics of the Individual Tax Model File and the Longitudinal Panel of Individual Returns*". Final Report, Arthur Young Research Foundation Program in Taxation, June 1985.

"*Real Estate Sale-Leasebacks: The Income Tax Aspects*" prepared for Real Estate Strategy Report, Commerce Clearing House, Inc. (unpublished working paper, currently unavailable).

## Affiliations and Memberships

American Institute of Certified Public Accountants
Illinois CPA Society
Greater Washington Society of CPAs
American Accounting Association
International Tax and Finance Forum

CETERIS

Transfer Pricing and Tax Valuation Expertise

# EXHIBIT B

**DOCUMENTS PROVIDED BY THE JUSTICE DEPARTMENT**

First Annapolis Report of Examination dated July 11, 1988
First Annapolis Report of Examination dated January 16, 1990
Bancorp S-Memorandum and Attachments
Complaint, First Annapolis Bancorp, Inc. v. United States, Court No. 94-522C
Report of Edward J. Heiden
Report of Robert E. Litan
Report of David A. Kennedy
Report of Alan C. Shapiro, Ph.D.
Plaintiffs Contentions of Fact and Law
Plaintiff's Witness List
Plaintiff's Exhibit List
Plaintiffs Amended Contentions of Fact and Law
Defendant's Contentions of Fact and Law
Deposition of G. Thomas Daugherty (video and minuscript)
Plaintiffs Response to Defendant's Motion in Limine to Exclude Reliance Damages
Plaintiffs Discovery Responses and Documents Regarding The Tax Gross-Up Claim