# In the United States Court of Federal Claims

**No. 94-522C**
**(Filed: March 16, 2007)**

* * * * * * * * * * * * * * * * * * * * * * * *

**FIRST ANNAPOLIS BANCORP, INC.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * * * * * * *

---

## ORDER ADOPTING JOINT STIPULATIONS OF PRE-TRIAL AND TRIAL PROCEDURES

---

The Court adopts the parties' joint stipulation governing pre-trial and trial procedures, and orders the following:

1. Pursuant to the Court's Master Stipulation and Order dated December 7, 1999, all documents (other than handwritten notes) produced in discovery by any party in a Winstar-related case are presumed to be authentic, so long as the document bears an identification number pursuant to the Master Protective Order; however, any party may challenge this presumption with respect to a particular document for good cause shown. Handwritten notes include documents that are entirely handwritten and handwritten marginalia on typed or printed documents. Handwritten notes may be authenticated at trial in any manner permitted by the Federal Rules of Evidence.

2. If a witness, listed in either party's witness list, is necessary to support or negate the admissibility of a document to which an objection has been made, any party may call or recall, as the case may be, that witness to testify concerning the factual foundation relating to the admissibility of any document. Further, in the event that the admissibility of a document cannot be supported or negated by a witness listed in either party's witness list, either party may call individuals not previously listed as witnesses for the sole purpose of establishing admissibility.

3. A party shall serve one copy electronically or two copies by hand of each demonstrative exhibit it intends to use with respect to a witness on direct or redirect examination no later than 48 hours before the exhibit is to be used. The following are not considered demonstratives for the purpose of this stipulation: copies of pages from exhibits or proposed exhibits, and copies of trial transcripts.

4. Each party may seek at trial to introduce into evidence exhibits from the list of the other party. A party does not waive objections to the introduction of an exhibit by the other party by listing it.

5. A party need not provide a synopsis or statement of significance for its exhibits, as required by RCFC Appendix A, unless the party intends to introduce more than 1,000 exhibits.

6. Each party shall provide opposing counsel with copies of all exhibits used with each witness at trial.

7. Nothing in this stipulation shall be construed as an agreement concerning the admissibility of any document at trial, or an agreement concerning the applicability of any Rule of Evidence other than the Rules governing authenticity of documents.

8. Defendant may elicit witness testimony out of turn from witnesses plaintiff calls during its case-in-chief without foreclosing defendant's ability to file a Rule 52(c) motion.

9. Any sequestration of witnesses ordered shall not apply to expert witnesses or a single party representative for each party.

10. All outstanding objections not expressly waived herein are reserved for trial.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**