**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FIRST ANNAPOLIS BANCORP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 94-522C** |
| **v.** | ) | **(Judge Williams)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD**

Defendant, the United States, respectfully submits this opposition to plaintiff's motion to supplement the record. First Annapolis Bancorp, Inc. ("Bancorp") seeks to supplement the record with two documents: (a) a September 10, 2007 Internal Revenue Service ("IRS") request for delinquent income taxes related to Bancorp's 1989 corporate income tax return (Exhibit A); and (b) a subsequent October 15, 2007 collection notice for Bancorp's failure to pay the 1989 taxes (Exhibit B). Bancorp erroneously claims that these two documents are relevant to this case because "they contradict" an argument we made in our post-trial brief that "[e]ven if Bancorp files an inaccurate tax return unneccesarily reporting an award from this case as taxable income, when such an award is a non-taxable capital recovery, this error would not likely result in a tax liability for Bancorp." Pl. Mot. at 1-2, quoting Defendant's Response To Plaintiff's Post-Trial Brief ("Def. Post-Trial Reply") at 64.

Because the new evidence Bancorp seeks to admit, after trial has been completed and the record closed, are wholly irrelevant to any issue in this case, the Court should deny Bancorp's motion. Bancorp has failed to meet the difficult standard for justifying the extraordinary relief of reopening the record to admit new evidence after the Court has closed the record.

In Erve v. Health And Human Serv., 39 Fed. Cl. 607, 612 (1997), this Court addressed

the factors to consider for admitting new evidence after the record is closed and noted that:

> the paramount test is the nature of the proffered new evidence. By this, the court understands the question to be the extent to which the new evidence is both relevant and affective of outcome. In other words, if the evidence is of marginal relevance and impact, the burden on the moving party increases dramatically . . . .

Id.

The new evidence Bancorp seeks to admit is not even of "marginal" relevance and impact to this case; it is wholly irrelevant and, therefore, of no impact. As an initial matter, Bancorp does not even allege that the evidence is relevant to the primary issue before the Court: whether Bancorp is entitled to a restitution award of $13,665,907. Further, Bancorp does not allege that the new evidence is relevant to our primary demonstration explaining why Bancorp is not entitled to a tax "gross-up" of any damages award, i.e., that Bancorp failed to show the taxability of a damages award for restitution with reasonable certainty. Finally, as we demonstrate below, although Bancorp does allege its new evidence is relevant to our back-up tax "gross-up" demonstration that, if Bancorp erroneously reports any award in this case as taxable income, it is not likely to incur any tax liability, its allegation is erroneous because, in fact, its new evidence is irrelevant to our demonstration.

Bancorp fails to demonstrate the relevancy of the IRS documents. The documents apparently indicate that (1) Bancorp has unpaid tax liability stemming from a failure to pay taxes stemming from 1989 earnings, as reflected in Bancorp's 1989 corporate income tax return and (2) the IRS is demanding that Bancorp pay the taxes that it owes along with any applicable penalties. The IRS documents do not reveal the basis for Bancorp's apparent 1989 liability, and we cannot obtain this information without Bancorp's consent as we explained at trial. Tr. 2061 (Clowery); see 26 U.S.C. § 6103. Bancorp's 1989 tax return, however, clearly shows that

Bancorp calculated a $42,005 tax liability based upon the alternative minimum tax. DX 2480. The IRS's position that Bancorp must pay the taxes it owes stemming from 1989 corporate tax liability due to the alternative minimum tax is irrelevant to any issue in this case.

Bancorp argues, nonetheless, that Exhibits A and B are relevant because they purportedly demonstrate the fallacy of our argument that, if Bancorp erroneously reports any award in this case as taxable income, that error would likely not result in tax liability for Bancorp. As Bancorp explains its argument:

> [The two IRS documents] are evidence that the Government would treat an award in this case as taxable income and would seek to collect the tax on that income. As it did for the 1989 return, in the event there was a recovery in this case, the IRS would merely treat the taxable income reported on Bancorp's tax return as taxable income and seek to collect any outstanding tax that has not been paid.

Pl. Mot. at 2.

Bancorp's argument is deeply flawed. Indeed, the leaps in logic contained in Bancorp's faulty argument are so enormous that they render Exhibits A and B totally irrelevant to any disputed issue in this case. No analogy can be drawn between Exhibits A and B and how the IRS would treat an erroneous reporting by Bancorp of any award in this case as taxable income.

The underlying foundation for our argument that an error in Bancorp's reporting of any award in this case as taxable income would not result in Bancorp's tax liability is that any such award would constitute a non-taxable capital recovery. As there has never been any award in this case, Bancorp's 1989 corporate income tax liability obviously did not involve any award in this case. Morever, Bancorp fails to demonstrate that its 1989 tax liability resulted from <u>any</u> award, let alone an award comparable to the award it seeks in this case or any other form of non-

taxable capital recovery.

Indeed, Bancorp fails to demonstrate any connection between the IRS's actions concerning its 1989 tax liability and our demonstration as to what the IRS's actions are likely to be should Bancorp erroneously report any award in this case as taxable income. Dr. Clowery's reasoning for why an erroneous reporting of any award in this case would not result in tax liability is based upon the following four logical steps: (a) the IRS employs special computerized formulas to monitor the differences in a taxpayer's income from year to year (Tr. 2064-65); (b) as a result, a large change in income taxes causes a tax return to be flagged for review and potential audit (id.); (c) while all flagged returns are not audited by the IRS, Dr. Clowery believes that a change in Bancorp's income from its 2005 level of $526 to approximately $13.6 million would result in the tax return being flagged for audit (id.,; DX 2496 at 0080); and (d) should the IRS audit Bancorp's tax return, it would, as Dr. Clowery testified, undoubtedly discover a capital recovery was incorrectly reported as taxable income, and any resulting tax payment would be refunded to Bancorp (Tr. 2065). Def. Post-Trial Reply at 64. Bancorp's motion, and Exhibits A and B, in no way address any of Dr. Clowery's logical steps. They do not show that the IRS does not employ the computerized formulas for monitoring that Dr. Clowery claims; they do not show that a large change in income taxes causes a tax return to be flagged for potential audit; they do not show that the large change in income level here will not likely result in flagging for audit; and they do not show that, upon audit, the IRS would undoubtedly discover a capital recovery was incorrectly reported as taxable income.

For these reasons, the Court should deny Bancorp's motion in its entirety.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

s/Scott D. Austin
SCOTT D. AUSTIN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0317
Facsimile: (202) 353-7988
Attorneys for Defendant

OF COUNSEL :
MELINDA HART
BRIAN A. MIZOGUCHI
DELISA M. SANCHEZ
Trial Attorneys

December 3, 2007

**CERTIFICATE OF FILING**

I hereby certify that on December 3, 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Scott D. Austin