# In the United States Court of Federal Claims

**No. 94-522C**
**(Filed March 21, 2008)**

* * * * * * * * * * * * * * * * * * * * * * * * *
**FIRST ANNAPOLIS BANCORP, INC.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**
* * * * * * * * * * * * * * * * * * * * * * * * *

---

## ORDER DENYING MOTION TO SUPPLEMENT THE RECORD

---

On November 16, 2007, Plaintiff First Annapolis Bancorp, Inc. (Bancorp) filed a motion to supplement the record with two documents of the Internal Revenue Service (IRS) that it received after trial: 1) a September 12, 2007 request by the IRS for unpaid 1989 income taxes in the amount of $52, 076.25, and 2) an October 15, 2007 IRS collection notice for the same 1989 back taxes, marked "**Urgent!!**," stating that "**We intend to levy on certain assets. Please respond NOW**." Plaintiff argues that these two documents are evidence that the IRS would treat an award in this case as taxable income and would seek to collect the tax on that income. Defendant opposes the motion, arguing that these documents are wholly irrelevant to this case and do not show that the IRS would treat an award as taxable income.

A decision to re-open the record after trial, but prior to entry of judgment, is within the Court's sound discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Marconi Wireless Tel. Co. of Am. v. United States, 320 U.S. 1, 47-48 (1943) (holding that trial court in patent claim was free in its discretion to reopen the case for further evidence prior to decision becoming final which would occur at conclusion of accounting); Jazz Photo Corp. v. United States, 353 F. Supp. 2d 1327, 1361 (Ct. Int'l Trade 2004), aff'd 439 F.3d 1344 (Fed. Cir. 2006); see also Enzo Biochem, Inc. v. Calgene, Inc., 188 F.3d 1362, 1379-80 (Fed. Cir. 1999). The factors by which a trial court determines whether or not to reopen the record are: a) the probative value of the evidence proffered; b) the proponent's explanation for failing to offer such evidence earlier; and c) the likelihood of undue prejudice to the proponent's adversary. Jazz Photo Corp., 353 F. Supp. 2d at 1361; see also Confederated Tribes of the Warm Springs Reservation of Oregon v. United States, 101 Fed. Appx. 818, 822-23 (Fed. Cir. 2004) (citing Blinzler v. Marriot Int'l. Inc., 81 F.3d 1148, 1160 (1st Cir. 1996)) (non-precedential).

In the present case, it is clear that Plaintiff could not have presented these two IRS notices at trial because they were issued after trial. However, the probative value of the two notices is far from obvious. As the Court in Erve by Erve v. Sec'y of Health of Human Servs., 39 Fed. Cl. 607, 612 (1997), explained:

> The paramount test is the nature of the proffered new evidence. By this, the court understands the question to be the extent to which the new evidence is both relevant and affective of outcome. In other words, if the evidence is of marginal relevance and impact, the burden on the moving party increases dramatically. . . .

Id. (internal footnote omitted).

Here, Plaintiff has not demonstrated the relevance of the two IRS notices. In its motion,

Bancorp fails to explain how the attempt of the IRS to collect corporate income tax from 1989 bears on the IRS treating any award in this case as taxable income. Plaintiff argues: "[a]s it did for the 1989 return, in the event there was a recovery in this case, the IRS would merely treat the taxable income reported on Bancorp's tax return as taxable income and seek to collect any outstanding tax that has not been paid." Pl.'s Mot. at 2. The proffered documents do not show why Bancorp incurred a $41,661 tax liability in 1989, or why a $10,415.25 penalty was imposed. It appears that Plaintiff is suggesting that if Bancorp incorrectly reports its recovery as taxable income that would be the end of the matter - - contrary to the Government's assertion that an audit would reveal any incorrect reporting and result in a refund. That is wholly speculative and not grounds for reopening the record at this juncture.

The Court **DENIES** Plaintiff's motion to supplement the record.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**