# In the United States Court of Federal Claims

**No. 94-522C**
**(Filed March 21, 2008)**

* * * * * * * * * * * * * * * * * * * * * * * *

**FIRST ANNAPOLIS BANCORP, INC.,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * * * * * * * *

---

## NOTICE TO THE PARTIES

---

At closing argument on August 3, 2007, the Court requested supplemental briefing on 1st Home Liquidating Trust v. United States, 76 Fed. Cl. 731 (2007). In 1st Home, the Court of Federal Claims, on summary judgment, granted plaintiffs money-back restitution for the breach of the Government's contractual obligation to count $17 million in supervisory goodwill towards regulatory capital. 1st Home, 76 Fed. Cl. at 743-44. Following United States v. Winstar, 518 U.S. 839, 870 (1996), the Court in 1st Home found that FIRREA repudiated contracts with thrifts promising favorable regulatory treatment of goodwill, and that the Government's breach was substantial. Moreover, the 1st Home Court stated that "[t]he Winstar-related cases clearly have held that thrift plaintiffs are not entitled to restitution based on the liabilities assumed in the transaction but that

investors of failed thrifts are entitled to money-back restitution." Id. at 743.

Because 1st Home and the present case are similar, the Court inquired of the parties as to the appropriateness of a stay in this proceeding pending a decision by the Federal Circuit in 1st Home. Neither party expressed a desire for a stay. Defendant objected to the imposition of a stay, because, as a matter of policy, the Government wants to close out all Winstar-related cases from the docket as soon as possible. Plaintiff took no position on this issue.

Upon consideration of the posture of this case and the position of the parties regarding the imposition of a stay, the Court has decided not to stay proceedings, pending resolution of 1st Home.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**