**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **FIRST ANNAPOLIS BANCORP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 94-522C** |
| **v.** | ) | **(Judge Williams)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SUPPLEMENTAL BRIEF CONCERNING THE FEDERAL CIRCUIT'S DECISION IN *AMBER RESOURCES V. UNITED STATES***

Pursuant to this Court's order of August 28, 2008, inviting the parties to file a supplemental brief addressing how the United States Court of Appeals for the Federal Circuit's ruling in Amber Resources v. United States ("Amber Resources III"), ___ F.3d ___, 2008 WL 3891567 (Fed. Cir. Aug. 25, 2008), affects the availability of restitution damages in this case, defendant, the United States, respectfully submits its supplemental brief.

As an initial matter, we note that Amber Resources III is not a final decision and respectfully submit that the case was incorrectly decided. Indeed, the Federal Circuit itself referred to the possibility of further appellate review of the decision. 2008 WL 3891567 at * 17 ("If we are wrong, and the differences between this case and the Supreme Court's decision in [ Mobil Oil Exploration & Producing Southeast, Inc. v. United States, 530 U.S. 604 (2000)] are significant enough to call for a different result, we think it is preferable for the members of that Court to distinguish or limit the scope of their precedent than for us to do it for them.").

In any event, the Federal Circuit's decision in Amber Resources III supports our position that restitution damages are unavailable here in two important ways. First, the Federal Circuit cited with approval its earlier holdings in Admiral Fin. Corp. v. United States, 378 F.3d 1336, 1345 (Fed. Cir. 2004), and Hansen Bancorp, Inc.v. United States, 367 F.3d 1297, 1318 (Fed. Cir.

2004). As the Court is well aware, we have relied heavily upon both Admiral and Hansen throughout these proceedings. Second, the Amber Resources III decision supports our contention that First American Bancorp's (Bancorp's) reliance upon selected portions of the trial court's opinion in Amber Resources v. United States ("Amber II"), 73 Fed. Cl. 738 (2006), is misplaced.

The Federal Circuit's decision in Amber Resources III supports our position that restitution is unavailable as a remedy to Bancorp because the court cited with approval its earlier rulings in Admiral and Hansen that: (1) a restitution award should not result in a "windfall" to the non-breaching party; and (2) in a Winstar context, "restitution would be a 'windfall' where there were indications that the non-breaching party would have failed financially regardless of the breach." Amber Resources, 2008 WL 3891567 at *17-18 (citing Admiral, 378 F.3d at 1345). We have repeatedly cited to the Federal Circuit's decisions in Admiral and Hansen for these same points. E.g., Defendant's Initial Post-Trial Brief (June 4, 2007) ("Defendant's Initial Brief") at 28-29, 47-48; Defendant's Response To Plaintiff's Post-Trial Brief (July 23, 2007) ("Defendant's Response Brief") at 7-8.[1]

Amber Resources III also supports our position, addressed in Defendant's Response Brief at 6 - 8, that Bancorp is placing unwarranted reliance upon a selected portion of the Amber II

[1] Although the court in Amber Resources III rejected our argument that the amount of restitution awarded by the trial court constituted a windfall, it did so for a reason completely inapposite here. Specifically, the court in Amber Resources III rejected our argument that the restitution award constituted a windfall because the trial court awarded an amount equal to the amount the original lessees paid to purchase the lease agreements at issue rather than the lower amount the plaintiffs-assignees paid to the original lessees for the lease agreements. 2008 WL 3891567 at 17-18. The Amber Resources III court held that the windfall principles of Admiral and Hansen were not contrary to its holding because Admiral and Hansen "do not address the impact of a prior assignment on an award of restitution." Id. at 18.

trial court's discussion of restitution principles. Specifically, in its opening brief, Bancorp relied upon that portion of the Amber II Court's restitution discussion in which the Court stated that, in restitution: (1) there is "room for the possibility that the injured party will benefit from the breach" and (2) "the government has no standing to make a 'windfall' argument." See Amber II, 73 Fed. Cl. at 747. In response, we demonstrated that Bancorp's reliance upon this portion of Amber II is misplaced because the Amber II Court itself correctly acknowledged that the Federal Circuit had previously held completely contrary to the restitution principles it was articulating. Defendant's Response Brief at 6-8 (citing Amber II, 73 Fed. Cl. at 746 n. 2). Furthermore, we demonstrated that, in its earlier opinion, Amber Resources v. United States ("Amber I"), 68 Fed. Cl. 535, 553 (2005), the Court acknowledged that, under Admiral, there is no repudiation or "total breach" – and therefore the plaintiff is not entitled to the remedy of restitution – when a breach "does not place the private party in a worse position that it was in prior to the breach." Defendant's Response Brief at 8 (quoting Amber I, 68 Fed. Cl. at 553).

The Federal Circuit's opinion in Amber Resources III confirms our position – that Bancorp's reliance upon selected portions of the trial court's articulation of restitution principles in Amber II was misplaced – because the court of appeals not only failed to adopt the trial court's statement of restitution principles, but cited with approval, as noted above, its prior decisions in Admiral and Hansen holding that a plaintiff is *not* entitled to obtain a windfall through an award of restitution, especially in the Winstar context. As the court in Amber Resources III emphasized: "[R]estitution would be a 'windfall' where there were indications that the non-breaching party would have failed financially regardless of the breach." 2008 WL 3891567 at *18 (citing Admiral, 378 F.3d at 1345).

Finally, although Amber Resources III supports our position that restitution damages are not available here for the reasons set forth above, it is also important to recognize that the Federal Circuit's decision to affirm the restitution award is inapposite. As in Mobil Oil, where the Government received $156 million up-front bid payments, in Amber Resources III, the Government received approximately $1.1 billion as up-front bids. See Amber Resources III, 2008 WL 3891567 at *2. The restitution awards in both Mobil and Amber Resources constituted a return of this money paid to the Government. In contrast, in Admiral and here, neither the plaintiffs nor any predecessors, *ever* provided the Government with the money they sought in restitution. E.g., Tr. 1080-81 (Parran). In this case, Bancorp infused the $13.6 million it seeks in restitution into its own thrift subsidiary, see Defendant's Initial Brief at 42-43; Tr. 1082-83 (Parran), and, when the thrift subsidiary was seized, Bancorp's $13.6 million had already been completely lost as a result of the thrift's operations. See Defendant's Supplemental Post-Trial Brief (August 24, 2007) at 12.

## CONCLUSION

For the forgoing reasons, as well as those stated in our post-trial brief, our post-trial response brief, our supplemental post-trial brief, and at closing argument, we respectfully request that the Court grant judgment for the defendant.

Respectfully submitted,

MICHAEL HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

/s/Scott D. Austin
SCOTT D. AUSTIN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0317
Facsimile: (202) 353-7988
Attorneys for Defendant

OF COUNSEL:

BRIAN A. MIZOGUCHI
Senior Trial Counsel

DELISA M. SANCHEZ
Trial Attorney

September 12, 2008

**CERTIFICATE OF FILING**

I hereby certify that on September 12, 2008, a copy of the foregoing "DEFENDANT'S SUPPLEMENTAL BRIEF CONCERNING THE FEDERAL CIRCUIT'S DECISION IN AMBER RESOURCES V. UNITED STATES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Scott D. Austin