# In the United States Court of Federal Claims

No. 94-522C

(Filed: March 15, 2013)

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
FIRST ANNAPOLIS BANCORP, INC.,              *     Lack of Standing; Dismissal
                                            *     Without Prejudice; Award of
            Plaintiff,                      *     Costs; 28 U.S.C. § 1919; Rule 54;
                                            *     Prevailing Party; Congressional
      v.                                    *     Reference.
                                            *
THE UNITED STATES,                          *
                                            *
            Defendant.                      *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

  Dale A. Cooter, Cooter, Mangold, et al., 5301 Wisconsin Avenue, N.W., Suite 500, Washington, D.C. 20015, for Plaintiff.

  Stuart F. Delery, Jeanne E. Davidson, Scott D. Austin, and Vincent D. Phillips, Department of Justice, Commercial Litigation Branch, Civil Division, P.O. Box 480, Washington, D.C. 20044, for Defendant. Brian A. Mizoguchi, Department of Justice, Commercial Litigation Branch, Civil Division, P.O. Box 480, Washington, D.C. 20044, Of Counsel.

---

### MEMORANDUM OPINION AND ORDER DISMISSING ACTION AND DENYING DEFENDANT'S MOTION FOR COSTS

---

**WILLIAMS,** Judge.

### Background

  This Winstar-related case comes before the Court following the United States Court of Appeals for the Federal Circuit's reversal of this Court's award of $13,665,907 in restitution damages, on the ground that Plaintiff lacked standing. First Annapolis Bancorp, Inc. v. United States, 644 F.3d 1367, 1376 (Fed. Cir. 2011), rev'g 75 Fed. Cl. 263 (2007). Following the issuance of the mandate, Defendant filed a Bill of Costs seeking $80,978.87. Plaintiff filed Objections to Defendant's Bill of Costs. At oral argument the Court requested supplemental briefing on whether Plaintiff could cure its standing defect and whether the Court should dismiss this action with or without prejudice.

1

In its supplemental briefing, Plaintiff did not contend that the standing defect was curable. Instead, Plaintiff advised the Court that this litigation had taken a different turn in that Plaintiff had begun the process of initiating a Congressional Reference case. As Plaintiff represented:

> The resolution of [whether the dismissal should be with prejudice or without prejudice] traditionally depends on whether a plaintiff can cure its standing problem. If the standing problem can be cured, then the dismissal should be without prejudice to preserve to the plaintiff the opportunity to cure and bring its claim again. If the standing problem cannot be cured, then there is presumably no harm to a dismissal with prejudice because there is no further suit to be brought.
>
> This resolution of the issue in this case, however, does not lend itself to the application of such traditional principles. The Federal Circuit's decision reversing this Court's standing determination has thrown Bancorp into procedural quicksand. Because First Federal Savings and Loan Association of Annapolis ("First Federal") no longer existed by the time FIRREA was passed, First Federal could not have brought a breach of contract claim based on the passage of FIRREA. Although the individual shareholders of Bancorp invested millions of dollars in Bancorp, they were not individually parties to any of the promises by the Government and they could not bring a claim. The F.D.I.C. eventually brought a claim, but its claim was dismissed. That left Bancorp as the only potential party. The only claim Bancorp could bring was a breach of contract claim because this Court, unlike the federal District Courts, does not have jurisdiction over equitable claims. . . . Thus, when the Federal Circuit held that Bancorp did not have standing to bring a breach of contract claim, it ensured that a claim to redress the Government's wrongful actions could not be pursued to judgment as an Article III "case or controversy."
>
> Given the foregoing, this case is appropriate for resolution by Congressional Reference. Sections 1492 and 2509 of Title 28 of the United States Code provide that the Congress may refer a bill to this Court to consider and determine equitable claims that a party may have and over which this Court would not otherwise have jurisdiction. Bancorp invested over $13,000,000 in return for what turned out to be broken promises by the Government. Justice requires that the Government return the money it took more than twenty-five years ago.

Pl.'s Supplemental Br. 1-3 (footnote omitted).

The Government contends that "Bancorp's current pursuit of a congressional reference in no way alters the finality of the Federal Circuit's dismissal for lack of jurisdiction." Def.'s Resp. 3 (Feb. 6, 2013). From this, Defendant submits that because this action has reached finality, it is appropriate to dismiss this action with prejudice and clear the way for awarding Defendant its litigation costs.

**Discussion**

Whether this action is dismissed with or without prejudice has significance for the resolution of Defendant's pending petition for costs. A dismissal with prejudice triggers the application of Rule 54(d)(1), which states that the Court "should" award costs to the prevailing party. On the other hand, where the Court dismisses an action without prejudice, 28 U.S.C. § 1919 applies and permits the Court to award "just costs" in actions dismissed for lack of jurisdiction where there is no prevailing party. 28 U.S.C. § 1919 (2006); Otay Land Co. v. United Enters. Ltd., 672 F.3d 1152, 1156 (9th Cir. 2012); see also Miles v. California, 320 F.3d 986, 988 n.2 (9th Cir. 2003) ("Where the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919. Unlike Rule 54(d), § 1919 is permissive, allows the district court to award 'just costs,' and does not turn on which party is the 'prevailing party.'"); Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1340 n.8 (10th Cir. 1998) ("[U]nlike costs awarded under Rule 54, costs awarded under § 1919 are not subject to a presumption that they shall be awarded to a prevailing party.") (citing Edward W. Gillen Co. v. Hartford Underwriters Ins. Co., 166 F.R.D. 25, 27 (E.D. Wis. 1996)); Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs. Inc., 179 F.R.D. 328, 334 (N.D. Ala. 1998) (quoting the same authority).

In its reversal and mandate, the Federal Circuit did not indicate whether this Court was to dismiss this action with or without prejudice. However, the Federal Circuit has "repeatedly emphasized that a dismissal for lack of standing should generally be without prejudice, particularly when the defect [in standing] is curable." Univ. of Pittsburgh v. Varian Med. Sys., Inc., 569 F.3d 1328, 1332 (Fed. Cir. 2009). "On occasion, however, a dismissal with prejudice is appropriate, especially where 'it [is] plainly unlikely that the plaintiff [will be] able to cure the standing problem.'" Fieldturf, Inc. v. Sw. Recreational Indus., Inc., 357 F.3d 1266, 1269 (Fed. Cir. 2004) (quoting H.R. Tech., Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1385 (Fed. Cir. 2002)) (alterations in original).

Plaintiff apparently concedes that technically it cannot cure its standing defect by refiling its action in this forum or in alternative judicial fora due to jurisdictional obstacles. Nonetheless, Plaintiff asks the Court to dismiss the action without prejudice and deny costs because it may succeed on the merits of its claim in the Congressional Reference forum where the lack of standing is not an impediment. Plaintiff's point is well taken. In the Congressional Reference setting, there is no requirement that there be an Article III case or controversy. See Wolfchild v. United States, 77 Fed. Cl. 22, 28 (2007). Rather, in a Congressional Reference case, the Court of Federal Claims is to provide a report to Congress for its use in deciding whether a private claim warrants legislative relief. 28 U.S.C. § § 1492, 2509 (2006). It would be inappropriate to dismiss this action with prejudice and award costs to Defendant where the merits of the controversy remain undecided. As such, the Court deems it prudent to dismiss this action without prejudice.

Because Defendant is not considered a prevailing party when an action is dismissed without prejudice, 28 U.S.C. § 1919, rather than Rule 54(d)(1), governs the instant cost dispute. Section 1919 of Title 28 of the U.S. Code states: "Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of

jurisdiction, such court <u>may</u> order the payment of just costs." (emphasis added). While the Federal Circuit has not addressed the scope of the Court of Federal Claims' authority to award costs under § 1919,[1] the Ninth Circuit has recognized that in assessing whether a cost award would be just, courts should consider what is most fair and equitable under the totality of the circumstances. <u>Otay Land Co.</u>, 672 F.3d at 1157.

In determining whether it would be "fair and equitable" to award costs to a defendant under § 1919, courts apply "a 'case-by-case approach' based on 'the circumstances and equities of each case.'" <u>Id.</u> (quoting 10 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2668 at 230-31 (3d ed. 1998)). There is no mechanical checklist a court must follow. <u>Id.</u> As the Ninth Circuit has cautioned, an award of costs "cannot be presumed simply because a party was successful on a threshold ground and the costs were incurred." <u>Id.</u> at 1160. The mere fact that authority is now granted under Section 1919 does not mean that costs are mandated. <u>Id.</u> at 1158; <u>see also</u> <u>Callicrate</u>, 139 F.3d at 1340 n.8.

Further, courts should consider whether a plaintiff asserted plausible, though mistaken, grounds for jurisdiction in federal court. <u>Otay Land Co.</u>, 672 F.3d at 1158 ("[T]he strength of the plaintiff's jurisdictional claim is a legitimate consideration, albeit not definitive," in determining "just costs" under § 1919.) (citing <u>Ericsson GE</u>, 179 F.R.D. at 334). Here, Plaintiff made a "plausible" legal call when it named Bancorp as the plaintiff -- given that Bancorp had infused $13 million into First Annapolis to permit the merger to go forward, and Plaintiff is seeking restitution damages.

Finally, and importantly here, an award of costs to a defendant may be "speculative and premature" where a plaintiff who had claims dismissed in federal court advances the same claims in another forum. <u>Callicrate</u>, 139 F.3d at 1342 (vacating cost award after a dismissal for lack of diversity because plaintiff had filed an action in state court). Here, Plaintiff has represented that it is pursuing a Congressional Reference matter seeking to recoup the same damages for the same breach of contract -- a proceeding it can maintain even though its action in this Court was dismissed for lack of standing. <u>Wolfchild</u>, 77 Fed. Cl. at 28. As such, an award of costs to Defendant here would be premature given that the merits of Plaintiff's claim remain undecided.

## Conclusion

In accordance with the mandate of the Federal Circuit, this Court dismisses this action without prejudice for lack of standing and denies Defendant's request for costs pursuant to 28 U.S.C. § 1919.

---

[1] In <u>Johns-Manville Corp. v. United States</u>, 893 F.2d 324, 327 (Fed. Cir. 1989), the Federal Circuit reversed the Claims Court's award of costs under § 1919 because the version of § 1919 then in effect did not mention the Claims Court -- only the Court of International Trade and the district courts. However, Congress amended § 1919 in 1992, to specifically authorize the Court of Federal Claims to award costs. <u>See</u> Federal Courts Administration Act of 1992, Pub. L. No. 102-572, Title IX, § 908(a), (b)(1), 106 Stat. 4519 (1992).

The Clerk of the Court is directed to vacate the October 28, 2009 judgment and to dismiss this action without prejudice.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**
